UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S.W., by her parent and natural guardian, J.W.,
Individually and on behalf of all others similarly
situated; A.W., by her parent and natural guardian
A.W., individually and on behalf of all others similarly
individually and on behalf of all others similarly
situated; J.F. and P.F, by their parent and natural
guardian, A.F., individually and on behalf of all others
similarly situated; L.T., by her parent and natural
guardian, R.T., individually and on behalf of all
others similarly situated,

      Plaintiffs,

- against -

SHEILA WARREN, sued individually, and as
Director of Early Intervention Services for Orange
County, ORANGE COUNTY DEPARTMENT OF
HEALTH, COUNTY OF ORANGE,

      Defendants.

Civ. Action No. 07-CV-5708 (WCC)

AFFIDAVIT

---

STATE OF NEW YORK )
         ) ss:
COUNTY OF ORANGE )

  Elizabeth Conlon, of full age, under penalties of perjury, respectfully says:

  1. I am a licensed special education teacher, having received my permanent license in February 1990.

  2. On August 1, 1995, I entered into my first contract with Orange County to provide special education services to children in the County's Early Intervention Program.

  3. For the next four (4) years, I continued providing special education services to children with handicapping conditions through the County.

4. In or about 1999, I began providing Applied Behavior Analysis (ABA) to children with autism through the Orange County Early Intervention Program.

5. From 1999 to December 2002, I continued providing ABA to children with autism, through my independent contracts with Orange County.

6. In or about November 2001, I attended an Early Intervention meeting held at the Galleria Mall in Middletown, NY. At that meeting, Sheila Warren announced that all providers would now be required to maintain a caseload of at least five (5) children and that, if we did not agree to do so, she would not renew our contract with the County. Attached as Exhibit "1" is a copy of the handout provided at the meeting which confirms the County's new policy as stated by Sheila Warren.

7. I recall that, at the meeting, providers were very upset when Ms. Warren made this announcement. While I recall providers questioning Ms. Warren as to why she was now requiring that providers maintain a minimum caseload of five, I do not recall Ms. Warren's response.

8. Prior to Ms. Warren's proclamation regarding the County's new policy, there had been no minimum requirement – we were permitted to carry whatever number of cases we were able to manage.

9. At the time, I had a full-time job with a local school district. Therefore, I could not commit to maintaining a caseload of five. Therefore, when my contract with the County expired on December 31, 2002, I did not seek to renew it.

10. Instead, because I still needed additional income, and was involved with providing therapy to autistic twin girls, who were responding positively, I went to work part-time for an agency so I could continue providing therapy to the girls. However, as a result of no longer

being able to work for the County, I was forced to accept a 50% cut in pay, from $80.00 per hour to $35 or 40.00 per hour.

11. I have been told that one of the current policies of Early Intervention is, no matter how many hours are prescribed, to provide a minimum number of hours of ABA therapy to a child, with the rationale that the hours would be increased "as the child can tolerate more". I do not believe the amount of therapy provided should be based on "what the child will tolerate" but, rather on "what the child needs". The more intensively the therapy is provided, the sooner the child will respond. My experience has been that when you only provide minimum ABA therapy to an autistic child, every time you see him or her, you have to practically start all over again because they do not retain their gains. As Lovaas determined in his study, nearly 50% of children receiving 40 hours per week of intensive 1:1 ABA therapy recovered.

12. For the Court's information, if Sheila Warren had not instituted the policy requiring therapists to maintain a caseload of five, I would have continued my contract with Orange County, and continued providing ABA services to autistic children through the Early Intervention Program.

*Elizabeth Conlon*
Elizabeth Conlon

Sworn to before me this 21st
day of August, 2007.

*Mary J. Whateley*

MARY J. WHATELEY
Notary Public, State of New York
No. 4918265
Qualified in Orange County
Commission Expires 9/14/2011

EXHIBIT 1

# CONTRACTS

- All providers must maintain a caseload of at least 5 children or your contract <u>will not</u> be renewed.

- Contract renewals will be mailed to you 3 months prior to the expiration of your contract.

- Contracts not returned in the time requested will receive a second letter informing you that your name is being removed from the provider list and you should make arrangements to discharge the children you are seeing by the time your contract expires.

- A current copy of your Certificate of Insurance and Workers Compensation must be on file in our office at all times. If we do not have a current copy on file the billing department will be notified and your invoice will not be processed for payment until we have all the current paperwork.

EX. 1