UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| S.W., by her parent and natural guardian, J.W., individually and on behalf of all others similarly situated; A.W., by her parent and natural guardian A.W., individually and on behalf of all others similarly individually and on behalf of all others similarly situated; J.F. and P. F., by their parent and natural guardian, A.F., individually and on behalf of all others similarly situated; L.T., by her parent and natural guardian, R.T., individually and on behalf of all others similarly situated, | Civ.Action No. <br><br> AFFIDAVIT |

Plaintiffs,

vs.

SHEILA WARREN, sued individually, and as
Director of Early Intervention Services for Orange County,
ORANGE COUNTY DEPARTMENT OF HEALTH,
COUNTY OF ORANGE,

Defendants.

---

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF ORANGE    )

Pamela Williams DiPaolo, of fully age, under penalties of perjury, respectfully says:

1. I am a certified speech-language pathologist, having been certified by the American Speech and Hearing Association since 1977, and licensed in the State of New York since 1985.

2. In or about 1999, I began working under contract for Orange County providing speech therapy for children in the Early Intervention Program. I continued my contract with the County providing speech therapy to disabled children until approximately November 2002.

3. In or about November 2002, I heard from other therapists that the County was instituting a policy requiring therapists to carry a minimum caseload of five, and that my contract may not be renewed because I was not providing speech therapy to a minimum of 5 children.

4. I then received a letter from Orange County Early Intervention stating that my services would no longer be needed as a speech therapist. I was not offered a new contract nor a list of agencies to contact if I chose to provide services through an agency. However, I did, on my own, contact Jilly's Place. I was told at that time that they would not hire me unless I agreed to carry a minimum caseload of eight. I was unable to commit to such a caseload and, therefore, no longer provided speech therapy to children in the Orange County Early Intervention Program.

5. Should the Orange County Early Intervention program change its policy of requiring a therapist to carry a minimum caseload of five, I would consider returning to the Early Intervention Program and providing speech therapy to disabled children in Orange County.

_____
Pamela Williams DiPaolo

Sworn to before me this 16th day
of August, 2007.

_____

MARY J. WHATELEY
Notary Public, State of New York
No. 4918265
Qualified in Orange County
Commission Expires May 31, 19___ 9/14/2011