UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
S.W., by her parent and natural guardian, J.W.,
individually and on behalf of all others similarly
situated; A.W., by her parent and natural guardian
A.W., individually and on behalf of all others similarly
situated; B.F., by his parent and natural guardian, P.F.,
individually and on behalf of all others similarly
situated; J.F. and P.F., by their parent and natural guardian,
A.F., individually and on behalf of all others similarly         Civ. Action No.
situated; L.T., by her parent and natural guardian, R.T.,        07 CIV 5708 (WCC)
individually and on behalf of all others similarly situated,

                              Plaintiffs,


            - against -


SHEILA WARREN, sued individually, and as
Director of Early Intervention Services for Orange County,
ORANGE COUNTY DEPARTMENT OF HEALTH,
COUNTY OF ORANGE.

                              Defendants.
-----------------------------------------------------------------------X



## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

LAMB & BARNOSKY, LLP
*Attorneys for Defendants*
SHEILA WARREN, ORANGE
COUNTY DEPARTMENT OF HEALTH,
COUNTY OF ORANGE
534 Broadhollow Rd., Ste. 210
P. O. Box 9034
Melville, New York  11747-9034
(631) 694-2300
Fax:  (631) 454-3811

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................i

PRELIMINARY STATEMENT .............................................................................1

ARGUMENT..........................................................................................................2

POINT I

      PLAINTIFFS FAIL TO STATE A CLAIM UNDER SECTION 504
      OF THE REHABILITATION ACT .........................................................3

POINT II

      PLAINTIFFS' CLAIMS UNDER THE IDEA, REHABILITATION
      ACT, SECTION 1983, NEW YORK PUBLIC HEALTH LAW
      AND NEW YORK EDUCATION LAW SHOULD BE
      DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO
      EXHAUST THEIR ADMINISTRATIVE REMEDIES .............................6

      A.    Plaintiffs' Failure to Exhaust Their Administrative Remedies
           Under the IDEA Necessitates Dismissal of their IDEA Cause
           of Action ......................................................................................6

      B.    Plaintiffs' Causes of Action Under § 1983, the Rehabilitation
           Act, Education Law and Public Health Law Must Also be
           Dismissed Due to Plaintiffs' Failure to Exhaust their
           Administrative Remedies............................................................14

POINT III

      PLAINTIFFS' CLAIM UNDER 42 U.S.C. § 1983 MUST BE
      DISMISSED...........................................................................................15

POINT IV

      THERE IS NO INDIVIDUAL LIABILITY UNDER THE
      INDIVIDUALS WITH DISABILITIES EDUCATION ACT,
      SECTION 504 OF THE REHABILITATION ACT, NEW YORK
      PUBLIC HEALTH LAW § 2500 ET SEQ. OR NEW YORK
      EDUCATION LAW § 4400 ET SEQ. .....................................................16

POINT V

      PLAINTIFFS' EDUCATION LAW AND PUBLIC HEALTH LAW
      CLAIMS MUST BE DISMISSED FOR FAILURE TO FILE
      NOTICES OF CLAIM .................................................................................................17

POINT VI

      PLAINTIFFS' EDUCATION LAW AND PUBLIC HEALTH LAW
      CLAIMS WHICH ACCRUED MORE THAN A YEAR AND 90
      DAYS PRIOR TO THE FILING OF THE COMPLAINT MUST BE
      DISMISSED AS TIME BARRED ...........................................................................18

POINT VII

      THE ORANGE COUNTY DEPARTMENT OF HEALTH IS
      IMPROPERLY NAMED AS A DEFENDANT.........................................................19

CONCLUSION.................................................................................................................20

## TABLE OF AUTHORITIES

Federal Cases

Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998) ............................. 2

B.D. v. DeBuono,130 F. Supp.2d 401 .................................................. 11

Caidor v. M&T Bank, 2006 WL 839547, at *2 (N.D.N.Y. 2006)........................ 19

Caporicci v. Nassau County Police Dep't, 2007 WL 764535 (E.D.N.Y.) ............ 19

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957) .................................. 2

Cortex Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ............. 2

Feldman v. Nassau County, 349 F. Supp. 2d 528 (E.D.N.Y. 2004), *aff'd* 434 F.3d
    177 (2d Cir. 2006)................................................................................ 18

Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001) .............................................. 2

Hall v. New York Hosp., 2003 WL 22902125 ....................................................... 2

Hope v. Cortines, 872 F. Supp. 14, 17 (E.D.N.Y.), *aff'd*, 69 F.3d 687 (2d Cir.
    1995) ................................................................................................... 14

J.S. v. Attica Cent. Sch., 386 F.3d 108, 112 ...................................... 6, 8, 9, 13, 14

McLaurin v. New Rochelle Police Officers 368 F. Supp.2d 289 ........................ 18

Menes v. CUNY Univ. of New York, 92 F.Supp.2d 294, 306 ............................. 16

Michaels ex. rel. Michaels v. Mills 2004 WL 816918 at *3 (W.D.N.Y. 2004) ... 13

Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 197 (2d Cir.
    2002) ..................................................................................................... 7

P.N. and G.N. v. Greco, 282 F. Supp.2d 221, 238 (D.N.J. 2003)........................ 16

Parisi v. Coca-Cola Bottling Co. of New York, 995 F. Supp. 298, 299 (E.D.N.Y.
    1998) ..................................................................................................... 2

Polera v. Board of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478,
    483 (2d Cir. 2002)........................................................................... 6, 7, 12

R.C. v. Carmel Cent. Sch. Dist., 2007 WL 1732429 ............................................ 11

Sabur ex. rel. Kessler v. Brosnan, 203 F. Supp.2d 292, 299-300 (E.D.N.Y. 2002) ............................................................................................................... 8, 9, 14

Sherman v. Mamaroneck Union Free Sch. Dist., 340 F.3d 87, 93 (2d Cir. 2003)  9, 10

Weathers v. Millbrook Cent. Sch. Dist., 428 F.Supp.2d 180 (187-188) (S.D.N.Y.2006)........................................................................................... 18

Wenger v. Canastota Cen. Sch. Dist., 979 F. Supp. 147, 152 (N.D.N.Y. 1997) .... 3

State Cases

Mayerson ex rel M.M. v. DeBuono, 181 Misc.2d 55, 694 N.Y.S.2d 260 (Westch. Co. 1999) ............................................................................................... 12

Sackets Harbor Cent. Sch. Dist. v. Munoz, 283 A.D.2d 756, 725 N.Y.S.2d 119 (3d Dep't 2001) .................................................................................... 12

Federal Statutes

20 U.S.C. § 1400.................................................................................... 1

20 U.S.C. § 1415(1) ............................................................................ 14

29 U.S.C. § 794(a) ................................................................................ 3

42 U.S.C. § 1983.................................................................... 1, 6, 14, 15

American with Disabilities Act of 1990 ............................................... 14

Section 504 Rehabilitation Act of 1973......................................... 1, 3, 5, 6, 14, 16

Section 2000d (Title VI) ....................................................................... 14

State Statutes

Article 25 of the New York Public Health Law ................................ 1, 16

County Law § 52 .................................................................... 19

County Law § 52(1) ......................................................... 17, 18, 19

Education Law § 4400 ............................................................... 16

Education Law § 4410 ....................................................... 4, 12, 17

Education Law § 4410(1)(i) ......................................................... 4

Education Law § 4410(7) ........................................................... 11

Education Law § 4410(8) ............................................................ 5

Education Law § 4410(9) ........................................................... 17

General Municipal Law § 50-e ..................................................... 17

General Municipal Law § 50-i ................................................. 18, 19

New York Education Law § 4410 ................................................ 1, 4

New York Education Law Article 89 ............................................ 1, 16

Public Health Law § 2500 ......................................................... 16

Public Health Law § 2542 ......................................................... 16

Public Health Law § 2549 .................................................. 11, 12, 17

Public Health Law § 2552 ......................................................... 16

Federal Rules

Fed. R. Civ. P. 12(b)(6) ......................................................... 1, 2

## PRELIMINARY STATEMENT

Defendants COUNTY OF ORANGE (the "County"), ORANGE COUNTY

DEPARTMENT OF HEALTH (the "Department of Health"), and SHEILA WARREN,

being sued individually and as Director of Early Intervention Services for Orange County

("Warren"), submit this memorandum of law in support of their motion to dismiss under

Fed. R. Civ. P. 12(b)(6).

Plaintiffs are six children with disabilities, ranging in age from 2.11 to 5.4 years,

who are currently receiving, or previously received, early intervention services through

the County and/or preschool special education services that were paid for by the County,

and the legal guardians of the children suing on their behalf (*see* Declaration of Sharon N.

Berlin, dated October 16, 2007 ("Berlin Decl."), Exhibit "A," which is a copy of the

Complaint in this action).  The Plaintiffs purport to allege violations of their rights under

the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, Section 504 of the

Rehabilitation Act of 1973, Article 25 of the New York Public Health Law and Article 89

of the New York Education Law.  Plaintiffs may also be asserting a claim under 42

U.S.C. § 1983, though if they are attempting to do so this cause of action is not properly

pled.

For the reasons set forth below, each of the Plaintiffs' causes of action should be

dismissed.

## ARGUMENT

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). In determining a Rule 12(b)(6) motion, the Court must accept the "allegations of the complaint as true, and construe all reasonable inferences in favor of the plaintiff." *Parisi v. Coca-Cola Bottling Co. of New York*, 995 F. Supp. 298, 299 (E.D.N.Y. 1998). The Court, however, in assessing the sufficiency of the complaint, may consider "any documents attached to, or incorporated by reference in, the complaint." *Hall v. New York Hosp.*, 2003 WL 22902125 at *3 (S.D.N.Y.). *See also Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) ("Particularly important in this case is the well-established principle that we include in this analysis not only the assertions made within the four corners of the complaint itself, but also those contained in documents attached to the pleadings or in documents incorporated by reference"). *See Austin v. Ford Models, Inc.*, 149 F.3d 148, 152 (2d Cir. 1998); *Cortex Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The Court may also consider documents as to which it would be entitled to take judicial notice, including indisputable public documents germane to the allegations of the complaint. *Cortex Indus., Inc. v. Sum Holding L.P., supra.*

## POINT I

### PLAINTIFFS FAIL TO STATE A CLAIM UNDER SECTION 504 OF THE REHABILITATION ACT

Plaintiffs allege violation of Section 504 of the Rehabilitation Act. Section 504 provides, in pertinent part, that "no otherwise qualified individual with a disability. . . shall, solely *by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (emphasis added). Section 504 addresses discrimination against disabled students, rather than the incorrect or erroneous provision of special education services, as in the case of the IDEA. "[S]omething more than a mere violation of the IDEA is necessary in order to show a violation of Section 504 in the context of education children with disabilities, i.e., a plaintiff must demonstrate that a school district acted with bad faith or gross misjudgment." *Wenger v. Canastota Cen. Sch. Dist.,* 979 F. Supp. 147, 152 (N.D.N.Y. 1997).

The only allegation of disparate treatment contained in Plaintiffs' complaint is with respect to transportation for A.W. *See* Berlin Decl., Ex. A, ¶¶ 48-53. Paragraph 113 alleges that "[u]pon information and belief, defendants have discriminated against plaintiffs by requiring them to travel over 100 miles each day, for a period of approximately 4 hours, to receive appropriate services, far in excess of the time and distance traveled by non-disabled and other-disabled peers." Paragraph 117 of the Complaint alleges that "defendants are prohibited from discriminating against plaintiff

3

class on the basis of their disability in the provision of services, including transportation."
The complaint is otherwise devoid of any allegations of disparate treatment towards A.W.
or any of the other Plaintiffs.

Special education services for pre-school children with handicapping conditions,
including A.W., are provided pursuant to New York Education Law § 4410. The
provision of these services, including transportation, is statutorily limited to children with
disabilities and the County does not provide these services to non-disabled children.
Educ. Law § 4410(1)(i). Accordingly, Plaintiff's claim that the County requires her to
travel farther than her non-disabled peers to receive special education services is a non-
sequitur since the County does not service Plaintiff's non-disabled peers, and is not
legally required to do so.

Likewise, a comparison of the transportation provided to A.W. with that provided
to her "other-disabled peers" also does not support differential treatment based on
disability. At best, this claim is that transportation was not appropriately provided by the
County pursuant to the IDEA, a claim that is barred due to Plaintiffs' failure to exhaust
Administrative Remedies. *See* Point II, *infra.*

Further, Plaintiffs' complaint is devoid of any allegation that the defendants acted
with bad faith or with gross misjudgment in the selection of the bus route. The complaint
alleges only that:

> 52. Defendant County has refused to alter the bus route,
> stating that they have no control over the bus route.
>
> 53. As a result of defendant County's failure and refusal to
> alter plaintiff A.W.'s bus route, plaintiff A.W. is required to

4

> travel distances over 100 miles each day, resulting in travel
> time of up to 4 hours each day, far in excess of the time and
> distance traveled by non-disabled or other disabled peers.

Berlin Decl., Ex. A, ¶¶ 52-53.  Thus, the Complaint alleges a failure and refusal on the

County's part to change the bus route, but not that there was gross misjudgment or a bad

faith basis for this decision.

As detailed in Point II, *infra,* the school district determined the location of A.W.'s

placement and the County's only obligation was to "provide either directly or by contract

for suitable transportation, as determined by the [school] board, to and from special

services or programs." Educ. Law § 4410(8).  Thus, it is the school board, and not the

County, who is responsible for the location of A.W.'s placement upon which the

transportation claim is based.

Finally, A.W. has turned 5 years of age and has thus "aged out" of the Pre-School

program.  As a result, the County is no longer responsible even for the provision of

A.W.'s transportation and any possible § 504 claim has been rendered moot.  *See* Point

II, *infra.*

## POINT II

**PLAINTIFFS' CLAIMS UNDER THE IDEA, REHABILITATION ACT, SECTION 1983, NEW YORK PUBLIC HEALTH LAW AND NEW YORK EDUCATION LAW SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES**

Plaintiffs' claims for violation of the IDEA, the Rehabilitation Act, 42 U.S.C. § 1983, the New York Public Health Law and the New York Education Law should be dismissed against the Defendants because Plaintiffs have failed to exhaust their administrative remedies with respect to these claims.

**A.    Plaintiffs' Failure to Exhaust Their Administrative Remedies Under the IDEA Necessitates Dismissal of Their IDEA Cause of Action**

The IDEA precludes Plaintiffs from asserting the claimed violations of the IDEA, the ADA, the Rehabilitation Act and § 1983, without first exhausting their state administrative remedies – which they have not done.

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." *J.S. v. Attica Cent. Sch.*, 386 F.3d 108, 112 (2d Cir. 1004); *see also Polera v. Board of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 483 (2d Cir. 2002) ("Although the IDEA provides for a federal cause of action to enforce such rights, it imposes a broadly applicable requirement that plaintiffs first exhaust administrative remedies") (internal citations omitted).

The Second Circuit has described the IDEA's statutory framework and

administrative exhaustion requirement as follows:

> Congress enacted the IDEA to assure that all children with
> disabilities have available to them . . . a free public education
> which emphasizes special education and related services
> designed to meet their unique needs. The centerpiece of the
> IDEA's education delivery system is the "individualized
> education program," or "IEP." The IEP, the result of
> collaborations between parents, educators, and representatives
> of the school district, sets out the child's present educational
> performance, establishes annual short-term objectives for
> improvements in that performance, and describes the
> specially designed instruction and services that will enable
> the child to meet those objectives. Concerned that parental
> input into the creation of the IEP would not be sufficient to
> safeguard the child's right to a free and appropriate education,
> Congress also included within the IDEA procedural
> safeguards that enable parent and students to challenge the
> local educational agency's decisions. New York has
> implemented a two-tier system of administrative review.
> First, parents are entitled to a review of the IEP before an
> impartial hearing officer. Next, parties aggrieved by the
> outcome of the due process hearing may pursue an appeal
> before a state review officer ("SRO"). Ordinarily, appeal
> may be taken to either the state or federal courts only after the
> SRO has rendered a decision.

*Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 197 (2d Cir. 2002).

The IDEA's administrative exhaustion requirement is predicated on Congress'

belief "that agencies themselves are in the optimal position to identify and correct their

errors and to fine-tune the design of their programs." *Polera*, 288 F.3d at 489.

Additionally, even if "the administrative process is not successful at resolving the

dispute, it will at least have produced a helpful record because administrators versed in

the relevant issues were able to probe and illuminate those issues for the federal court."
*J.S.*, 386 F.3d at 113 (citations omitted).

When determining whether a complaint falls within the futility exemption from the requirement that students must exhaust their administrative remedies before filing suit, the courts look to each individual plaintiff's situation. If each plaintiff's grievance could have been remedied by the administrative process then that plaintiff must exhaust his or her administrative remedies before bringing an action in federal court. *J.S.*, 386 F.3d, at 113-114 (explaining if individual plaintiffs' problems in class action and similar class actions could be remedied by administrative bodies, exhaustion would not be futile).

Congress provided three narrow exceptions to the IDEA's administrative exhaustion requirement: "(1) where it would be futile to use the due process procedure; (2) where any agency has adopted a policy or pursued a practice of general applicability that is contrary to law; or (3) where it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Sabur ex. rel. Kessler v. Brosnan*, 203 F. Supp.2d 292, 299-300 (E.D.N.Y. 2002). "The Second Circuit has collapsed exception two and three into exception one, namely the futility exception." *Id.* (citations omitted). The Second Circuit has refused to recognize additional exceptions to the IDEA's exhaustion requirement. *See J.S.,* 386 F.3d at 113 (refusing to recognize a general "class action" exception).

Plaintiffs here do not even attempt to claim that they exhausted their administrative remedies under the IDEA before coming to court. Instead, in an apparent effort to fit this case within the futility exception to exhaustion, plaintiffs assert that

administrative "procedures are inadequate and futile in the instant circumstances" (Berlin Decl., Ex. A at ¶ 15) and that "[r]esort to the administrative process is futile because the administrative hearing officers in many, if not most instances, cannot provide the relief requested" (Berlin Decl., Ex. A at ¶ 116).

It is well-settled that the party seeking relief from the administrative exhaustion requirement bears the burden of pleading and proving facts from which futility can be inferred. *See J.S.*, 386 F.3d at 112. In the rare instances that courts within this Circuit have found "systematic violations" rendering the IDEA's administrative exhaustion requirement futile, plaintiffs have demonstrated both that: (1) their "problems could not have been remedied by administrative bodies because the framework and procedures for assessing and placing students in appropriate educational programs were at issue, or because the nature and volume of complaints were incapable of correction by the administrative hearing process"; and (2) "the plaintiff's claims were such that an administrative record would not have been of substantial benefit to the district court." *Id.* at 114. Here, plaintiffs cannot satisfy either prong of this test.

First, plaintiffs cannot demonstrate that the administrative framework available to them could not have remedied the IDEA violations about which they complain. Plaintiffs do not even allege that any of them attempted to employ available administrative procedures. "Courts in this circuit have routinely held that the futility exception does not apply where parents unilaterally withdraw from the administrative hearing before its conclusion." *Sabur ex. rel. Kessler v. Brosnan*, 203 F. Supp.2d 292, 300-301 (E.D.N.Y. 2002). The courts reason that "[b]y commencing [an] action before the exhaustion of

administrative remedies, the plaintiffs leave the Court with an insufficient factual record to review the alleged violation." *Id.* As a matter of logic, the same rule must apply where, as here, plaintiffs completely disregard the administrative hearing process rather than aborting such process prior to conclusion.

In fact, had the plaintiffs taken advantage of the administrative hearing process, the alleged IDEA violations could have been addressed and corrected in that process, and, at the very least, the administrative process would have created a factual record to aid this Court. *See Sherman v. Mamaroneck Union Free Sch. Dist.*, 340 F.3d 87, 93 (2d Cir. 2003) ("In IDEA actions such as the present one, the administrative record and ruling play a critical role"). Plaintiffs generally allege that the County failed to provide services in the scope and duration to which their children were entitled given their individual needs. This is the classic type of complaint that is routinely dealt with in the Administrative Hearings, in which a complete factual record is made demonstrating the child's needs and the available remedies.

In the present case, Plaintiff S.W. alleges that the County failed to provide services in 2006 and that in September 2006 the County refused to provide compensatory services (Berlin Decl., Ex. A at ¶¶ 42-43). Surely had S.W. resorted to the administrative hearing process, these claims could have been addressed or at least a factual record created in the intervening nine months before this suit was commenced. Plaintiffs P.F. and J.F. allege a failure to provide one session of speech services per week between October 2006 and January 2007 in accordance with what was "agreed" to by the Early Intervention Coordinator during a team meeting (Berlin Decl., Ex. A at ¶ 70). Again, this is precisely

the type of dispute the administrative process is designed to resolve and why the administrative impartial hearing officer is empowered to award compensatory services in appropriate cases. There is no showing that resort to that process would be futile or inadequate to resolve a dispute which last occurred in January 2007. Should the County fail to follow the Administrative Law Judge's award -- and it would not – then the matter would be ripe for judicial relief and enforcement.

Plaintiff A.W.'s complaint is with the way in which transportation was provided, and not with the refusal to include that service on her IEP or the failure to provide transportation even though it was mandated on her IEP. Disputes over the quality of service or methodology of service are routinely and properly resolved in the impartial hearing process. Education Law § 4410(7); Public Health Law § 2549. *See also R.C. v. Carmel Cent. Sch. Dist.,* 2007 WL 1732429 (S.D.N.Y. 2007); *B.D. v. DeBuono,* 130 F. Supp.2d 401 (S.D.N.Y. 2000). Further, Plaintiff A.W. is now 5 years old (*see* Berlin Decl., Ex. A at ¶ 7 *"Application of a Child with a Disability,* N.Y. State Review Officer Dec., No. 02-022(2003)) and the Complaint fails to allege (nor could it do so) that the County continues to be responsible in any way for A.W.'s transportation.

Plaintiff B.F.'s complaint is twofold. First, B.F. complains that the County improperly billed private insurance for services it provided. Second, B.F. complains that her parent was informed at a meeting of her local school district Committee on Preschool Special Education (C.P.S.E.) that B.F. would only receive extended school year services for six weeks during the 2007 summer. Again, setting aside the failure to allege any role by the County in the meeting, disputes over the extent of services and the payment for

11

services are precisely what belong before an impartial hearing officer.  Education Law §
4410; Public Health Law § 2549.

Finally, plaintiff L.T. alleges a failure and refusal by the County to properly
identify her disabilities, a failure and refusal to recommend that she be evaluated by a
neurologist, a refusal to approve ABA services in accordance with her neurologist's
prescription and a failure to provide all of the approved hours of ABA therapy.  Each of
these allegations could have been remedied by a hearing officer through the
administrative hearing process.  *See, e.g., Sackets Harbor Cent. Sch. Dist. v. Munoz,* 283
A.D.2d 756, 725 N.Y.S.2d 119 (3d Dep't 2001); *Mayerson ex rel M.M. v. DeBuono,* 181
Misc.2d 55, 694 N.Y.S.2d 260 (Westch. Co. 1999).

Even taking the allegations of the complaint as true for purposes of the present
motion, the individual claims of these six plaintiffs do not, as a matter of law, add up to a
"systematic" IDEA violation.  To the contrary, every one of these six plaintiffs could
have obtained redress through the administrative process.

Indeed, in the highly analogous case of *Polera v. Bd. of Educ. of the Newburgh
Enlarged City Sch. Dist.*, 288 F.3d 478 (2d Cir. 2002), the Second Circuit rejected a
plaintiff's claim that administrative exhaustion would have been futile, and affirmed the
district court's dismissal of the action.  In *Polera*, the plaintiff was a visually impaired
student claiming that the Board of Education "failed to provide her with the free
appropriate education, including study materials."  *Id.* at 480.  In affirming the district
court's dismissal of Ms. Polera's claims based on her failure to exhaust administrative
remedies, the court noted that plaintiff's "claim unavoidably encompasses both a failure

12

to provide services and a significant underlying failure to specify what services were to be provided," and thus did not fall within the futility exception to exhaustion. *Id.* at 489.

Similarly here, Plaintiffs' claim that they have been denied services in violation of the IDEA "unavoidably encompass both failure to provide services and a significant failure to specify what services were to be provided,"[1] and should have been raised in the first instance at the administrative level. Plaintiffs are also seeking compensatory services, but leave it to the Court to figure out how much compensatory services are needed and what form it would take. In *Michaels ex. rel. Michaels v. Mills,* 2004 WL 816918 at *3 (W.D.N.Y. 2004), the Court upheld Defendant's exhaustion defense under similar circumstances, holding that:

> [If] plaintiff's compensatory education claim only involved *implementation* of his IEP, then he would not be required to exhaust his administrative remedies. Plaintiff's compensatory education claim, however, involved both factual and legal questions. Exhaustion is thus required because factual issues are best left to the expertise of the involved agencies rather than the courts. *For example, it is unclear how much compensatory education plaintiff may be entitled to or what form it ought to take.*

2004 W.L. at *3 *(emphasis added).*

Furthermore, while plaintiffs attempt to frame this case as a proposed class action, there is no general class action exception to the IDEA's exhaustion requirement. *See J.S.,* 386 F.3d at 113.

---

[1] Even the Court's nullification of the alleged County policies, the very relief sought by Plaintiffs, will not result in the provision of new or compensatory services absent a factual finding that such services are appropriate and beneficial to the children -- a factual finding that the present statutory scheme leaves to the State's administrative experts in the first instance.

Accordingly, as Plaintiffs have failed to exhaust their administrative remedies, this

Court lacks jurisdiction over the IDEA claims.

**B. Plaintiffs' Causes of Action Under § 1983, the Rehabilitation Act, Education Law and Public Health Law Must Also be Dismissed Due to Plaintiffs' Failure to Exhaust Their Administrative Remedies**

Since Plaintiffs' causes of action under § 1983, the Rehabilitation Act, Education

Law and Public Health Law seek the same relief as Plaintiffs seek in the IDEA claim,

plaintiffs were obligated to exhaust administrative remedies with respect to those claims

as well. Section 1415(1) of the IDEA provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.*

20 U.S.C. § 1415(1) (emphasis added); *see J.S.*, 386 F.3d at 112 ("The exhaustion

requirement also applies where plaintiffs seek relief under other federal statutes when

relief is also available under the IDEA"); *Sabur ex. rel. Kessler v. Brosnan*, 203 F.

Supp.2d at 300 ("a plaintiff may not frame a cause of action under Section 1983 or any

other federal statute and thus avoid the exhaustion requirements"); *Hope v. Cortines*, 872

F. Supp. 14, 17 (E.D.N.Y.) (holding that claims under the ADA, § 1983 and section

2000d [Title VI] are subject to the IDEA's exhaustion requirement), *aff'd*, 69 F.3d 687

(2d Cir. 1995).

Thus, Plaintiffs' failure to exhaust their administrative remedies with respect to their IDEA claim deprives this Court of jurisdiction to entertain Plaintiffs' parallel claims under § 1983, the Rehabilitation Act, Education Law and the Public Health Law. Accordingly, each of these claims should be dismissed for lack of subject matter jurisdiction.

## POINT III

### PLAINTIFFS' CLAIM UNDER 42 U.S.C. § 1983 MUST BE DISMISSED

Even if Plaintiffs had exhausted their administrative remedies, and this Court thus had jurisdiction to entertain plaintiffs' § 1983 causes of action, dismissal of the § 1983 cause of action would still be warranted because plaintiffs have failed to plead a viable cause of action under § 1983. Plaintiffs' Complaint references 42 U.S.C. § 1983 in the JURISDICTION section of the Complaint, wherein it states: "This action also seeks redress under 42 U.S.C. 1983 for the deprivation, under color of state law, of rights, privileges and immunities secured by federal statutes and the United State Constitution." Berlin Decl., Ex. A at ¶ 17. The Complaint contains no other references to this cause of action, not even in the section entitled causes of action (*see* Berlin Decl., Ex. A at ¶¶ 120-128). No where does the complaint delineate the basis for this cause of action such as whether it is based upon a denial of equal protection, a failure to intercede, supervisory liability, a failure to train a failure to supervise, or some other theory or violation of a particular statutory requirement. Accordingly, this cause of action should be dismissed.

## POINT IV

### THERE IS NO INDIVIDUAL LIABILITY UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT, SECTION 504 OF THE REHABILITATION ACT, NEW YORK PUBLIC HEALTH LAW § 2500 ET SEQ. OR NEW YORK EDUCATION LAW § 4400 ET SEQ.

There is no individual liability under the IDEA or Section 504, and therefore these causes of action against defendant Warren should be dismissed. It is well established that no provision of the IDEA or its implementing regulations extend its obligations to individual actors and individual actors accordingly are not subject to liability under the IDEA. *P.N. and G.N. v. Greco*, 282 F. Supp.2d 221, 238 (D.N.J. 2003). Likewise, it is well established that individual defendants may not be personally liable for violations of Section 504 and that they also cannot be named in their official or representative capacities. *See, e.g., Menes v. CUNY Univ. of New York*, 92 F. Supp.2d 294, 306 (S.D.N.Y. 2000) ("'Individual' defendants may not be personally liable for alleged violations of the ADA or the Rehabilitation Act. Nor can individuals be named in their official or representative capacities as defendants in ADA or Rehabilitation Act suits").

There also should be no individual liability under New York Public Health Law Article 25 and New York Education Law Article 89. While we have been unable to locate any case law specifically addressing whether an individual may be liable under these statutes, the imposition of individually liability would be fundamentally inconsistent with the statutory scheme. First, these sections address the obligations of the State (*see, e.g.*, Public Health Law § 2542), the municipality (Public Health Law § 2552,

16

Educ. Law § 4410(9)) and, in the case of preschool services, the school district/board of

education (Educ. Law § 4410). However, there is no imposition of such obligations upon

any individual employee of the State or any subdivision thereof. Indeed, the due process

complaint which initiates the administrative review is also brought against the

municipality (*see* Public Health Law § 2549). Lastly, these statutes are both based on the

IDEA and constitute the State's statutory method of meeting its IDEA obligations, and it

has been clearly established that there is no individual liability under the IDEA.

## POINT V

### PLAINTIFFS' EDUCATION LAW AND PUBLIC HEALTH LAW CLAIMS MUST BE DISMISSED FOR FAILURE TO FILE NOTICES OF CLAIM

Plaintiffs bring causes of action based upon the New York Public Health Law and

the New York Education Law. County Law § 52(1) requires that a notice of claim be

served in accordance with General Municipal Law § 50-e prior to commencing an action

against a county:

> …for damage, injury or death, *or for invasion of personal or property rights, of every name and nature,* and whether casual or continuing trespass or nuisance and any *other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in party by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees…*

(*emphasis added*)

Plaintiffs do not allege that they filed notices of claim against the County before

commencing this law suit. In accordance with County Law, plaintiff's state law causes of

action must be dismissed due to their failure to file a notice of claim.

It is well settled that New York State's notice of claim requirements pertaining to actions against counties apply to pendent state law claims brought in Federal Court as part of Federal Civil Rights actions. *Feldman v. Nassau County*, 349 F. Supp.2d 528 (E.D.N.Y. 2004), *aff'd,* 434 F.3d 177 (2d Cir. 2006); *McLaurin v. New Rochelle Police Officers,* 368 F. Supp.2d 289 (S.D.N.Y. 2005). It is equally clear that tort-based claims for failure to follow the special education mandates of the Education Law are subject to state law notice of claim requirements. *Weathers v. Millbrook Cent. Sch. Dist.*, 428 F. Supp.2d 180 (187-188) (S.D.N.Y.2006). Accordingly, Plaintiffs' pendent State claims must be dismissed.

## POINT VI

### PLAINTIFFS' EDUCATION LAW AND PUBLIC HEALTH LAW CLAIMS WHICH ACCRUED MORE THAN A YEAR AND 90 DAYS PRIOR TO THE FILING OF THE COMPLAINT MUST BE DISMISSED AS TIME BARRED

In addition to the notice of claim requirements, County Law § 52(1) requires that every "action upon such claim shall be commenced pursuant to the provisions of § 50-i of the General Municipal Law." Section 50-i of the General Municipal Law requires that actions or special proceedings be commenced "within 1 year and 90 days of the happening of the event upon which the claim is based..."

Many of Plaintiffs' claims are based upon events which took place in 2004 and 2005. Accordingly, to the extent that Plaintiffs' State law claims are based upon events that took place beyond a year and 90 days they are time barred by the statute of

limitations set forth in General Municipal Law § 50-i as incorporated by reference in County Law § 52.

## POINT VII

### THE ORANGE COUNTY DEPARTMENT OF HEALTH IS IMPROPERLY NAMED AS A DEFENDANT

Under New York law, "departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Caidor v. M&T Bank,* 2006 WL 839547, at *2 (N.D.N.Y. 2006). The Orange County Department of Health is only an administrative arm of the County of Orange without a separate legal entity. As such, it is not a proper defendant to be named in a lawsuit and should be dismissed. *See, e.g., Caporicci v. Nassau County Police Dep't,* 2007 WL 764535 (E.D.N.Y.) (dismissing suit against Nassau County Police Department because Department is not a separate legal entity).

## CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss should be granted

and an order entered dismissing Complaint against Defendants, and granting such other

and further relief as the Court deems just and proper.

Dated: Melville, New York
  October 16, 2007

       Respectfully submitted,

       LAMB & BARNOSKY, LLP
       *Attorneys for Defendants*
       **COUNTY OF ORANGE**
       **ORANGE COUNTY DEPARTMENT**
       **OF HEALTH and SHEILA WARREN**

By: _____
       Sharon N. Berlin
       534 Broadhollow Road, Ste. 210
       P.O. Box 9034
       Melville, New York 11747-9034
       631-694-2300

192563

20