UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
S.W., by her parent and natural guardian, J. W.,
individually and on behalf of all others similarly
situated; A.W., by her parent and natural guardian
A.W., individually and on behalf of all others similarly
Situated; B.F., by his parent and natural guardian, P.F.,
individually and on behalf of all others similarly situated;
J.F. and P.F., by their parent and natural guardian,
A.F., individually and on behalf of all others similarly
situated; L.T., by her parent and natural guardian, R.T.,
individually and on behalf of all others similarly situated,

**AFFIDAVIT OF**
**JEAN HUDSON**

07 CIV 57808 (WCC)

Plaintiffs,

- against -

SHEILA WARREN, sued individually, and as
Director of Early Intervention Services for Orange County,
ORANGE COUNTY DEPARTMENT OF HEALTH,
COUNTY OF ORANGE.

Defendants.
-----------------------------------------------------------------------X

STATE OF NEW YORK     )
                      )  ss:
COUNTY OF ORANGE      )

DR. JEAN HUDSON, being duly sworn, deposes and says:

1. I am the Commissioner of Health for the County of Orange, New York and have served in this capacity since September 8, 2003. I submit this Affidavit in Opposition to Plaintiff's Request for Preliminary Injunctive Relief.

2. Plaintiffs seek preliminary injunctive relief requiring Defendants to "transport plaintiff A.W., and any other similarly aggrieved class plaintiffs, to school by means of the shortest available bus route." Initially, the Court should note that A.W. is now of school age and no longer receives services through the Preschool Special Education Program.

3.      A.W.'s preschool individualized education plan (IEP) for the 2007-2008 school year, developed by the Minisink Valley School District Committee on Preschool Education, only provides for her to be serviced through the CPSE during July and August 2007 (see Exhibit N annexed hereto, which is a copy of the IEP). Her program for July and August was at the S. Keller School and the County was to, and did, provide her transportation. As the Comments section of her IEP notes, "Student will be transitioning to kindergarten and is being referred to the CSE."

4.      Effective September 1, 2007, A.W.'s special education program was the responsibility of the Minisink Valley School District Committee on Special Education. She no longer receives CPSE services and the County, therefore, has no further responsibility to her. The Minisink Valley School District is now solely responsible for determining whether to provide services and if so what services are needed. The School District is also responsible for providing the services and paying for the services. Thus, the School District and not the County is now providing transportation to whatever program this student may be attending. Accordingly, the issuance of injunctive relief against the County would not resolve any issue concerning the transportation of plaintiff A.W.

5.      Even were the County continuing to provide transportation to A.W., a change in her bus route would not be warranted. The shortest available bus route is not always the safest available bus route. In the case of A.W., the County, based upon the advice of its transportation provider, believes that it has provided the safest available bus route, and that the difference of a few minutes between the current bus route and the bus route proposed by the parent of A.W. is outweighed by the safety concerns involved.

6.      By letter dated July 30, 2007, I advised Ms. Wilson that the County had considered her request for an alternate route, but that based upon the information provided to the County by

our transportation provider, and the County's primary concern for A.W.'s well being, we had come to the conclusion that the current route best met A.W.'s needs. The transportation company advised us that in its past experience that in the event of a traffic tie up, a bus may be stranded several miles from the next available exit onto secondary roads. Such a situation could result in a young child being stuck on a bus for an extended period of time, raising health and safety concerns relating to hydration, toileting, temperature control and access to medical facilities in an emergency. Given these factors, we do not believe that reducing the length of the trip by 7 minutes, or even 11 minutes, outweighs the risk of negative health and safety consequences should a school bus be trapped between exits for an extended period of time on either the Thruway or Palisades Parkway. A copy of my July 30, 2007 letter is annexed as Exhibit ①.

7.  Finally, the Court should note that it was the parent who requested that her daughter be allowed to attend this particular program, knowing the distance involved. *See* Affidavit of Anita Wilson, paras. 15, 16.

8.  For all these reasons, I urge the Court to deny Plaintiffs' request for injunctive relief.

*[signature]*
DR. JEAN HUDSON

Sworn to before me this
16th day of October, 2007.

*[signature]*
Notary Public

CHRISTINE SACCONE
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01SA6167645
QUALIFIED IN ORANGE COUNTY
COMMISSION EXPIRES JUNE 4, 20 11

#191804 v2

3