*Transition of Children At Age Three*

the DDSOs provide person-centered assistance to improve the quality of life of individuals and their families through the provision of housing, employment, and family support services. The list of DDSOs, including addresses and telephone numbers, can be found in Appendix J.  For more information visit the OMRDD Web site at http://www.omr.state.ny.us.

## OFFICE OF MENTAL HEALTH

The Office of Mental Health (OMH) is responsible for developing plans, programs, and services for the care, treatment, rehabilitation, education and training of individuals with mental illness.  OMH provides direct services at nineteen adult, six children's and three forensic psychiatric centers and provides fund allocation and certification of non-State-operated mental health programs.  Visit the OMH Web site at http://www.omh.state.ny.us.  For questions about mental health services, to find a mental health service provider, or to make a complaint, call the OMH customer relations at 1-800-597-8481.

## OFFICE OF CHILDREN AND FAMILY SERVICES

The Office of Children and Family Services (OCFS) provides operational support and policy direction to local social services districts and youth bureaus across the State and is responsible for the operation of 48 statewide residential and day placement facilities for youth.  Programs and services provided through OCFS include child and adult protective, child welfare, domestic violence, pregnancy prevention, family services, youth development and delinquency prevention, juvenile justice, and after care programs.  For general information contact (518) 473-7793 or visit the OCFS Web site at http://www.dfa.state.ny.us.  For information about other programs for children, call 1-800-345-KIDS.

## COMMISSION FOR THE BLIND AND VISUALLY HANDICAPPED

Located within the Office of Children and Family Services, the Commission for the Blind and Visually Handicapped (CBVH) is responsible for the administration of programs and services to legally blind individuals to enhance independence and facilitate opportunities to participate in the community.  CBVH provides a range of services for individuals who are legally blind through the independent living and vocational rehabilitation provisions of the Federal Rehabilitation Act, as well as through programs serving children and older individuals who are blind.  For information about CBVH, call (866) 871-3000.

## OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES

The Office of Alcoholism and Substance Abuse Services (OASAS) administers a comprehensive program of prevention, intervention, and treatment services for persons addicted to alcohol and other drugs.  OASAS plans, develops and regulates the State's system of alcoholism and substance abuse treatment agencies; operates 13 Alcoholism Treatment Centers; licenses and regulates local, community-based providers of inpatient, outpatient and residential services; and monitors programs to ensure quality of care and compliance with State and national standards.  For more information visit

20

*Transition of Children At Age Three*

the OASAS Web site at http://www.oasas.state.ny.us. The telephone number for public information and publications is (518) 485-1768. The telephone number for information and referrals is 1-800-522-5353.

### OFFICE OF ADVOCATE FOR PERSONS WITH DISABILITIES

The Office of Advocate for Persons with Disabilities (OAPwD) is a systems advocacy agency for people with disabilities. Its primary mission is to ensure that people with disabilities have every opportunity to be productive and participating citizens through: full access to emerging technology; access to up-to-date, comprehensive information on and referral to programs and services available to people with disabilities and their families; and, implementation of progressive legislation protecting the equal rights of people with disabilities. For information about OAPwD, call (800) 522-4369 or (518) 473-6005, (voice, TTY and Spanish call (518) 473-4129), electronic BBS call (800) 943-2323 or refer to the OAPwD Web site at http://www.oapwd.org.

### COMMISSION ON QUALITY OF CARE FOR PERSONS WITH DISABILITIES

The Commission on Quality of Care's Advocacy Services Bureau coordinates a statewide protection and advocacy program for people with disabilities and their families. The Bureau offers training programs to help parents understand special education laws and regulations. These programs are co-sponsored by local groups. For information, call 1-800-624-4143, or visit the Commission's Web site at http://www.cqc.state.ny.us.

### DEVELOPMENTAL DISABILITIES PLANNING COUNCIL (DDPC)

The New York State Developmental Disabilities Planning Council is a federally funded state agency working under the direction of the Governor. The DDPC is responsible for developing new ways to improve the delivery of services and supports to New Yorkers with developmental disabilities and their families. For information, call TDD/TTY: 1-800-395-3372 Voice: 518-486-7505, or visit the DDPC Web site at http://www.ddpc.state.ny.us.

### STATE EDUCATION DEPARTMENT

*State Education Department Early Childhood Direction Centers*

The Early Childhood Direction Centers (ECDCs) provide information about programs and services for young children, ages birth through five, who have physical, mental, or emotional disabilities and help families obtain services for their children. For information about the ECDC in your region, refer to VESID's Web site at http://www.vesid.nysed.gov/lsn/ecdc.htm. A list of ECDCs is included in Appendix B.

*Transition of Children At Age Three*

*Special Education Quality Assurance Regional Associates*

The Regional Associates conduct Quality Assurance Reviews of public and private special education programs to determine compliance with federal and State special education laws and regulations. They also provide technical assistance to parents, school district personnel, and special education programs; and, investigate complaints alleging a public or private special education program's noncompliance with federal or state law or regulation pertaining to the education of students with disabilities. For information about the Regional Associate for your region, refer to VESID's Web site at http://www.vesid.nysed.gov/specialed/quality/qaoffices.htm. A list of Regional Associates for each region is attached in Appendix H.

### DEPARTMENT OF HEALTH

In addition to the EIP, the Department of Health is responsible for a wide range of programs and services to promote and protect the health of children and adults residing in New York State. Examples of other programs and services for children and families include the Child Health Plus insurance program, maternal and child health services funded under the Title V block grant (including services for children with special health care needs), universal newborn hearing screening, vaccination information materials, school-based health centers, and the Women Infants and Children (WIC) nutrition program. For more information about the Department of Health, visit the Department's Web site at http://www.health.state.ny.us. For information regarding the Early Intervention Program call (518) 473-7016 or email to eip@health.state.ny.us.

### OTHER COMMUNITY RESOURCES

There are also a variety of community resources that are helpful to all young children and their families. It is important for all professionals working with young children and their families to be informed about and help families access services available through other community resources. Although this is particularly important when children are transitioning from the EIP to other services, it is also important for families and service coordinators to be aware of and access these other service delivery systems as needs emerge while children are receiving services from the Early Intervention Program. Appendix K includes a listing of other important community resources for young children and their families.

## VII. FREQUENTLY ASKED QUESTIONS AND ANSWERS ON TRANSITION

### AGE ELIGIBILITY

1. **Question:** Can a child be age-eligible for the Early Intervention Program (EIP) and special education services under Section 4410 of the Education Law at the same time?

   **Answer:** Yes. Under IDEA and New York State Public Health and Education Law, there is overlapping age-eligibility for the EIP and preschool special education programs and services for children over the age of two years. This is to ensure that children do not experience a gap in services when transitioning from the EIP to preschool special education programs and services; and, to ensure that children have access to a free appropriate public education by their third birthday. However, under PHL, a child who is receiving services under Section 4410 of Education Law cannot be an eligible child under the EIP.

   Under Public Health Law (PHL), children are age-eligible for the EIP from birth through two years of age, unless the child has been determined eligible for services under Section 4410 of the Education Law before the child's third birthday. If a child is determined eligible for services under Section 4410 of the Education Law before his or her third birthday, the parent may choose to have the child continue to receive EIP services until he/she ages out, or transition the child to preschool special education programs and services.

   The specific date when a child is first eligible for preschool special education programs and services depends upon the month during which a child is born.

2. **Question:** If a child currently receiving EI services is in the process of receiving an evaluation under Section 4410 and turns three, may the child continue to receive EI services on and after his/her third birthday?

   **Answer:** No. The amended Public Health Law is explicit. A child who is not determined eligible for Section 4410 programs and/or services before his/her third birthday may not continue to receive EI services after his/her third birthday. Please refer to page 16 for information on parents' due process rights under the Education Law.

3. **Question:** If the CPSE does not determine that a child is eligible before his or her third birthday, and then the CPSE determines the child eligible for special education programs and services *after* the child has already turned three years of age, can the child return to the EIP and resume the services included in his or her previous IFSP? Alternatively, if a child exits the EIP while eligibility for services under Section 4410 of the Education Law is pending, and the child is subsequently found eligible for these services, can the child re-enter the EIP and continue in the EIP until s/he is no longer age-eligible?

**Answer:** No. If the child turns three years of age, and the CPSE has not rendered a determination as to whether the child is eligible for services under Section 4410 of the Education Law, the child's eligibility for the EIP ends at his or her third birthday. In this case, it is recommended that the concern be discussed with the CPSE or directed to the appropriate Special Education Quality Assurance Office (see Appendix H). The child may not re-enter the EIP at or after his or her third birthday. Similarly, if a child exits the EIP while eligibility for services under Section 4410 of the Education Law is pending, and the child is subsequently found eligible for these services after the child's third birthday, the child cannot re-enter the EIP.

As always, to address areas of disagreement, or when the CPSE has not acted within the required timeframes, under Education Law, parents may pursue their due process rights to mediation, an impartial hearing, or a sixty-day State complaint (see page 16).

4.  **Question:** What should the Early Intervention Official (EIO) do if a child is referred to the EIP when s/he is age-eligible for services under Section 4410 of the Education Law?

    **Answer:** If a child is referred to the EIP when s/he is age eligible for services under Section 4410 of the Education Law, the EIO should recommend to the parent that the child be referred directly to the CPSE of the school district in which the family resides. However, if a parent chooses to continue with the referral to the EIP, an initial service coordinator must be assigned and the service coordinator must assist the parent in the receipt of a multidisciplinary evaluation for the child consistent with the EIP requirements. The parent should be informed that the transition process must also be initiated, including notice to the school district, arranging for a transition conference and evaluation of the child by the CPSE to determine the child's eligibility for services under Section 4410 of Education Law. The parent should be informed that if the child is not referred, evaluated, and found eligible for preschool special education programs and services before the child's third birthday, the child's eligibility for the EIP will end when the child turns three years old.

## NOTIFICATION AND REFERRAL

5.  **Question:** Can the notification to the CPSE of a child's potential eligibility for services under Section 4410 of the Education Law also serve as the referral to the CPSE?

    **Answer:** There is nothing in Public Health or Education Law to prohibit the notification of a child's potential eligibility for services under Section 4410 of the Education Law from also serving as the referral, as long as the notice is clearly identified as a referral and the notice includes all the information required by the CPSE to be considered a referral.

6. **Question:** Must a school district/CPSE accept all referrals of age-eligible children?

    **Answer:** Yes. Under the Education Law, the CPSE is required to accept and act upon referrals of age-eligible children. This includes requesting consent to evaluate the child, follow-up with parents who do not provide consent to ensure they understand the request, and completing an eligibility determination and, if appropriate, an IEP within required timeframes.

7. **Question:** Is it each county's responsibility to establish a policy regarding the specific age for children to be referred to the CPSE?

    **Answer:** No. Each county and New York City must adhere to the requirements in Public Health and Education Law regarding age-eligibility requirements and the timeframes for notice to the school district, convening of a transition conference, and eligibility determinations. However, counties may develop procedures consistent with State laws and regulations and Department of Health and State Education Department policies.

8. **Question:** Must the Early Intervention Official (EIO) notify school districts and arrange transition conferences **EXACTLY** 120 days and 90 days, respectively, prior to the child's potential eligibility for services under Section 4410 of the Education Law?

    **Answer:** No. EIP regulations require the notice be **AT LEAST** 120 days prior to the child's potential eligibility for services under Section 4410 of the Education Law; and, the transition conference to be convened **AT LEAST** 90 days prior to a child's potential eligibility for services under Section 4410 of the Education Law or the child's third birthday, whichever is first. To manage notice and transition conferences at the municipal level, it is permissible for the EIO to notify school districts and arrange for transition conferences during the month or quarter in which a child's birth date falls, as long as the notice is sent and the transition conference is convened within the timeframes required in regulations and within sufficient time for the CPSE to render an eligibility determination before the child's third birthday.

9. **Question:** At what age must the school district CPSE accept a referral for preschool special education?

    **Answer:** In order for a child to receive preschool special education by their third birthday or on the first day of their eligibility for preschool special education (whichever comes first), the referral must be accepted in time to allow the CPSE to provide a recommendation to the board of education within thirty school days of receipt of written consent by the parent for the individual evaluation of the child.

10. **Question:** What information must be included in the referral to the CPSE?

    **Answer:** The referral to the CPSE must be made in writing and must include the following information: the name of and contact information for the child and the

child's parent or person in parental relation; the reasons for the referral, including, with parent consent, any records upon which the referral is based that may be in the possession of the person submitting the referral; a written description of the child's participation in EIP services; and, the extent of parental contact or involvement prior to the referral.

### TRANSITION CONFERENCE

11. **Question:** Should a transition conference be arranged for all children exiting the EIP?

    **Answer:** A transition conference should only be arranged, with parental consent, for children potentially eligible for services under Section 4410 of the Education Law. Please refer to pages 10 and 11 for criteria to be considered in identifying these children.

12. **Question:** Who must participate in the transition conference?

    **Answer:** The EIO is responsible for convening the transition conference with the parent, service coordinator, and chair of the CPSE or his or her designee.

13. **Question:** Is the CPSE chairperson or a designee required to participate in the transition conference to review the child's program options?

    **Answer:** Yes. Pursuant to Section 4410(3)(f) of the Education Law, the Chairperson of the CPSE of the local school district in which the child resides or his or her designee must participate in the conference.

14. **Question:** Who else should participate in the transition conference?

    **Answer:** With the parent's consent, representatives of other service delivery systems, with whom the child and family are currently involved or from whom the child may need services (such as OMRDD or OCFS) should be invited to participate in the transition conference.

15. **Question:** Can required participants in the transition conference participate by telephone conference call?

    **Answer:** Yes. The transition conference must be convened in a location that is mutually convenient to the participants. It is permissible for participants to participate in the conference by telephone.

16. **Question:** What is the role of the CPSE chairperson or the designee at the transition conference?

    **Answer:** The CPSE Chairperson or the Chairperson's designee must participate in the conference with the parent(s) and the EI Service Coordinator to support the child's potential transition to preschool special education and to ensure that the

parent is fully informed of the special education or other early childhood program options, including but not limited to nursery school, day care or Head Start programs. The CPSE Chairperson can provide information and respond to the parent(s) questions or concerns regarding the CPSE process including children's eligibility for services, timelines from referral to provision of preschool special education programs and services, and/or the provision of transportation services for the child.

17. **Question:** Can the Early Intervention Official (EIO) be the CPSE chairperson's designee?

    **Answer:** No. The EIO cannot act as the designee of the CPSE chairperson. Since the EIO represents the county at the transition conference and at meetings of the CPSE, the EIO cannot be designated to serve in this role as a representative of the school district. Qualifications for the designee of the CPSE Chairperson at the transition conference are not established by state law or regulation. It is appropriate for a member of the CPSE (Section 200.3(a)(2) Regulations of the Commissioner) who is knowledgeable about the transition process and is experienced in reviewing the needs of children transitioning from early intervention to represent the child's school district as the appointed designee of the CPSE Chairperson.

### TRANSITION PLAN

18. **Question:** Is a transition plan required for all children exiting the EIP, or only those children who will transition to services under Section 4410 of the Education Law?

    **Answer:** Yes. A transition plan must be developed for all children exiting the EIP, regardless of whether the child is transitioning to services under Section 4410 of the Education Law or to other early childhood and supportive services. However, the CPSE chairperson or his or her designee only participates in transition planning for children potentially eligible for preschool special education programs and services.

19. **Question:** When should the transition planning process begin?

    **Answer:** Because children are in the EIP for a short time, it is appropriate to begin transition planning as early as possible. For children potentially eligible for services under Section 4410 of the Education Law, transition planning must be initiated in accordance with requirements in PHL in this document. For children for whom a referral to the CPSE is not appropriate, a transition plan should be developed at the IFSP meeting within six months prior to the child's third birthday.

20. **Question:** If a parent does not wish to have and does not consent to a transition conference, but does consent to notification and referral to the school district and to an evaluation by the CPSE, when is the transition plan developed and who is responsible for development of the plan?

    **Answer:** If the parent does not wish to have and does not consent to a transition conference, transition planning should begin at the IFSP meeting closest to the date

when the EIO is required to notify the school district of the child's potential transition. Transition planning should continue in any subsequent meetings (e.g., the first meeting of the CPSE) that include discussions about the child's transition to services under Section 4410 of the Education Law. The transition plan, when completed, is incorporated into the IFSP with parental consent.

21. **Question:** What are the required components of the transition plan?

    **Answer:** The transition plan must include procedures to prepare the child and family for changes in service delivery, including steps to help the child adjust to and function in a new setting or with a new service provider; and, procedures to prepare program staff or individual qualified personnel who will be providing services to the child to facilitate the smooth transition. With parent consent, the transition plan should be incorporated into the IFSP.

## CPSE EVALUATION PROCESS

22. **Question:** If a child is currently receiving EI services and has recently been evaluated in the EI system, what is the process and time frame for the decision to be made as to which specific evaluation components the approved preschool evaluator must complete?

    **Answer:** A CPSE Chairperson who receives a referral must immediately notify the child's parent(s) that a referral has been received and must request consent for evaluation of the preschool student. In addition, with the consent of the parents, approved evaluators and committees must be provided with the most recent evaluation report for a child in transition from early intervention programs. Nothing prohibits an approved evaluator or the CPSE from reviewing other assessments or evaluations to determine if those assessments fulfill the requirements of State law and regulations for determining eligibility for services under Section 4410 of the Education Law. As part of an initial evaluation, if appropriate, and as part of any reevaluation, a group that includes the CPSE and other qualified professionals, must review existing evaluation data on the student including evaluations and information provided by the student's parents, current classroom-based assessments and observations, and observations by teachers and related service providers. The group may conduct its review without a meeting. On the basis of that review and input from the student's parents, the CPSE and other qualified professionals, must identify what additional assessment data are needed. Discussion about existing EI evaluations should be part of the transition conference. The CPSE must complete its evaluation of the child and provide a recommendation to the board of education within 30 school days of receipt of the parental consent for evaluation.

    Parents have the right to choose which records and reports, if any, are transmitted to the CPSE. Parents have the right to sign either a general release or selective release, which specifies by name or category those individuals to whom information may be disclosed.

28

23. **Question:** Who is responsible for transmitting appropriate evaluations, assessments, IFSPs, and other pertinent records from the Early Intervention Program to the CPSE?

    **Answer:** The service coordinator is responsible for reviewing information concerning the transition procedure with the parent and obtaining parental consent for the transfer of appropriate records, including evaluations, assessments, IFSPs, and other pertinent records. Parents should be encouraged to share appropriate records with the CPSE, since the purpose of this requirement is to reduce the need for unnecessary or duplicative evaluations of the child. However, a parent is not required to consent to the release of some or all of these reports.

24. **Question:** Is the Early Intervention Official (EIO) required to attend the initial and subsequent CPSE meetings for a child transitioning from the EIP to preschool special education programs and services?

    **Answer:** There is no requirement in Public Health Law (PHL) or regulation that an EIO attend CPSE meetings for children transitioning from the EIP to preschool special education programs and services. The EIO is responsible for convening the transition conference, with parental consent. If the transition conference is combined with the first meeting of the CPSE, the EIO must attend this combined meeting. The EIO does have a responsibility to ensure a smooth transition for children receiving EIP services to preschool or other appropriate services.

    Section 4410(a)(2) of the Education Law requires that "the appropriately licensed or certified professional designated by the agency that has been charged with the responsibility for the preschool child pursuant to applicable federal laws relating to early intervention services shall attend all meetings of the committee conducted prior to the child's initial receipt of services pursuant to this section." This professional may be the municipal EIO, service coordinator, or a professional from the agency that has knowledge of the child's status, services received, and progress.

## TRANSITION FROM THE EIP TO PRESCHOOL SPECIAL EDUCATION PROGRAMS AND SERVICES

25. **Question:** What happens when a child currently receiving EIP services is eligible for preschool special education programs and services, but continues in the EIP and makes significant progress so that the Early Intervention Official (EIO) believes the child may not require preschool programs and services?

    **Answer:** The CPSE, and not the EIO, is responsible for determining whether a re-evaluation is necessary to determine the child's eligibility for preschool special education programs and services. If the EIO has reason to believe that the eligible child has made significant progress, the EIO should work with the service coordinator in securing parental consent to forward additional records such as

recent assessments and progress notes to the CPSE. The EIO should ensure that the service coordinator transmits additional records to the CPSE.

26. **Question:** If a child receives services in community or home-based settings under the EIP, can s/he continue to receive services in these settings when s/he transitions to services under Section 4410 of the Education Law?

    **Answer:** Yes. The continuum of services available under Section 4410 of the Education Law includes services in community and home-based settings and on-site at approved provider locations, if recommended by the CPSE.

27. **Question:** Can a child continue to receive services from their EIP provider when s/he transitions to services under Section 4410 of the Education Law?

    **Answer:** Only if the Early Intervention provider(s) is also approved to provide services under Section 4410 of the Education Law.

28. **Question:** Are service coordination services provided to families under Section 4410 of the Education Law?

    **Answer:** No. There is no requirement under the Education Law to provide service coordination services to children and families eligible for services under Section 4410 of the Education Law. However, when a child's IEP includes two or more related services only, the board of education must designate one of the service providers to coordinate the provision of services. If the IEP includes special education itinerant services (SEIT) and one or more related services, the SEIT provider is responsible for the coordination of services.

29. **Question:** How can families find out about the programs and services available under Section 4410 of the Education Law?

    **Answer:** There are a number of ways families can access information about services available under Section 4410 of the Education Law. Service coordinators are responsible for informing families about the transition process, including programs and service options available under Section 4410 of the Education Law and for linking families to services in the community needed by the child that are not available under the EIP or under Section 4410 of the Education Law. In addition, an important purpose of the transition conference is to review program and service options available to the child and family when the child transitions to preschool special education. The State Education Department's publication, *Special Education in New York State for Children Ages 3-21: A Parent's Guide,* is also an important source of information for families. Parents may also be referred to the Early Childhood Direction Center (ECDC) serving the county in which the family resides (see Appendix B).

30. **Question:** Are parents required to provide information about private insurance to the CPSE?

**Answer:** No. There is no requirement for use of private insurance for services under Section 4410 of the Education Law. There is a requirement that insurance information be provided to the Early Intervention Official for purposes of reimbursement of EIP services.

31. **Question:** If the CPSE determines that a child currently in the EIP is eligible for 4410 programs and services, what date does the CPSE recommend to the board of education for the initiation of services?

    **Answer:** At the time that the CPSE meets to find the child eligible for preschool special education, the CPSE and parent(s) should discuss and agree upon the timeframe for transition. The specific date of initiating the child's preschool special education program and services will depend upon whether the parent elects to have the child continue in the Early Intervention Program or to transition the child to services under Section 4410 of the Education Law. The CPSE must indicate on the IEP the date for initiation of special education, based on the agreement reached by the CPSE and the child's first date of eligibility for preschool special education. The IFSP should be modified to include the last date of EIP services, which should be based on the date when preschool special education services will begin.

32. **Question:** If a parent chooses to have the child remain in the EIP until s/he is no longer age-eligible for the EIP, does the EIP have to provide additional services included in the IEP (if any) that are not considered EIP services and not included in the child's IFSP?

    **Answer:** No. The EIP is only responsible for providing the EIP services included in the child's IFSP. If the parent wishes the child to receive additional services included in the child's IEP, the parent must transition the child to preschool special education programs and services included in the child's IEP.

33. **Question:** A child who was never in the EIP is referred to and evaluated by the CPSE. The CPSE finds the child eligible for preschool special education programs and services and develops an IEP. Services in the IEP are not delivered in a timely manner. Under these circumstances, can the child be referred to the EIP, if s/he is still age eligible for the EIP?

    **Answer:** No. If a child is determined eligible for preschool special education programs and services, and the programs and services are not provided in a timely manner, the parent may follow procedures outlined on pages 15 and 16 related to resolving concerns with the CPSE process.

34. **Question:** If the CPSE, with parent consent, reviews the child's EIP evaluation(s) and assessment(s) and determines additional evaluations and/or assessment data (e.g., physical examination, psychological evaluation) is required by the CPSE to determine eligibility for services under Section 4410 of the Education Law, are such evaluations paid for under the EIP under DOH, or preschool special education under NYSED?

**Answer:** Any additional evaluations and/or assessment data required by the CPSE to determine eligibility for services under Section 4410 of the Education Law are the fiscal responsibility of the county/NYC Department of Education.

35. **Question:** Must all required members of the CPSE be present to determine whether a child who is in the EIP and who is turning 3 is eligible for preschool special education programs and services?

    **Answer:** Yes. In order for the eligibility determination to be valid, all required members of the CPSE must participate in the CPSE meeting where eligibility is determined and the IEP is developed. Please refer to pages 15 - 17 of this document for detailed requirements for the CPSE evaluation, eligibility, and IEP process.

36. **Question:** Must all the components of the IEP required under Part 200 of the Regulations of the Commissioner of Education be developed at the time a child is determined eligible for preschool special education programs and services?

    **Answer:** Yes. An IEP, which includes all required components, must be completed *at the time the child is found eligible* for preschool special education programs and services. In addition, the CPSE is responsible for explaining to the parent(s) the differences between the IEP and the IFSP (see pages 16 through 18 of this document for procedures that should be followed).

37. **Question:** Should a child over age 3, who is initially found eligible for preschool special education programs and services, and whose parent(s) have decided the child should remain in the EIP, be discharged from the EIP, if the CPSE re-evaluates the child and finds the child not eligible?

    **Answer:** Yes. Only those children who are eligible for preschool special education programs and services can remain in the EIP beyond their third birthday. If the child's eligibility status for preschool special education programs and services changes while the child is in the EIP, the child is no longer eligible to remain in the EIP and must transition out of the program.

# APPENDIX A – APPENDIX O

# OMITTED