UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
S.W., by her parent and natural guardian, J.W.,
individually and on behalf of all others similarly
situated; A.W., by her parent and natural guardian
A.W., individually and on behalf of all others similarly
situated; B.F., by his parent and natural guardian, P.F.,
individually and on behalf of all others similarly
situated; J.F. and P.F., by their parent and natural guardian,
A.F., individually and on behalf of all others similarly                    Civ. Action No.
situated; L.T., by her parent and natural guardian, R.T.,                   07 CIV 5708 (WCC)
individually and on behalf of all others similarly situated,

         Plaintiffs,

   - against -

SHEILA WARREN, sued individually, and as
Director of Early Intervention Services for Orange County,
ORANGE COUNTY DEPARTMENT OF HEALTH,
COUNTY OF ORANGE,

         Defendants.
----------------------------------------------------------------X


## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS


         LAMB & BARNOSKY, LLP
         *Attorneys for Defendants*
         SHEILA WARREN, ORANGE
         COUNTY DEPARTMENT OF HEALTH,
         COUNTY OF ORANGE
         534 Broadhollow Rd., Ste. 210
         P. O. Box 9034
         Melville, New York 11747-9034
         (631) 694-2300
         Fax: (631) 454-3811

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................i

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ...................................................................................................................... 1

POINT I

    PLAINTIFFS FAIL TO STATE A CLAIM UNDER SECTION 504
    OF THE REHABILITATION ACT ...................................................................... 1

POINT II

    PLAINTIFFS' CLAIMS MUST BE DISMISSED FOR FAILURE
    TO EXHAUST ADMINISTATIVE REMEDIES .................................................. 5

POINT III

    PLAINTIFFS' CLAIM UNDER 42 U.S.C. § 1983 MUST BE DISMISSED ....... 7

POINT IV

    THE SECTION 504 CLAIM AGAINST DEFENDANT WARREN
    SHOULD BE DISMISSED ................................................................................... 8

POINT V

    PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED DUE TO THEIR
    FAILURE TO FILE NOTICES OF CLAIM ........................................................ 9

POINT VI

    PLAINTIFFS EDUCATION LAW AND PUBLIC
    HEALTH LAW CLAIMS ARE UNTIMELY ..................................................... 10

POINT VII

    THE ORANGE COUNTY DEPARTMENT OF
    HEALTH IS NOT A PROPER PARTY ............................................................. 10

CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Federal Cases**

Andrew M. v. Delaware County Office of Mental Health and Mental Retardation, 490 F.3d 337 (3d Cir. 2007) .................................................................................................................. 2
B.D. v. DeBuono, 130 F. Supp.2d 401 ........................................................................ 5, 6, 7, 10
Bartlett v. New York Board of Law Examiners, 156 F.3d 321 (2d Cir. 1998) ............................ 8
Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) ................................................................ 1
Broize v. New York State, 2001 WL 1217192 (N.D.N.Y. 2001) ..................................................... 8
Brooklyn School for Special Children v. Crew, 1997 LEXIS 12974 (S.D.N.Y. 1997) ................................................................................................................ 10
Coleman v. Newburgh Enlarged City School District, 2007 WL 2768745 (2d Cir. 2007) ............ 5
Cushing v. Moore, 970 F.2d 1103 (2d Cir. 1992) .......................................................................... 3
D.D. v. N.Y.C. Department of Education, 465 F.3d 503 (2d Cir. 2006) ................................ 10-11
Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998) ........................................................................ 2
Feldman v. Nassau Cty., 394 F. Supp.2d 528 (E.D.N.Y. 2004), aff'd on other grounds, 434 F.3d 177 (2d Cir. 2006) .................................................................................................................. 9
Gabel v. Bd. Of Educ. of the Hyde Park Centr. Sch. Dist., 368 F. Supp.2d (S.D.N.Y. 2005) .................................................................................................................. 1,2,4
Harris v. Mills, 478 F. Supp.2d 544 ............................................................................................. 8
Hartnett v. Fielding Graduate Inst., 400 F. Supp.2d 570 ............................................................ 8
In re Elevator Antitrust Litigation, 2007 WL 2471805 (2007) ..................................................... 1
Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) ................................................................................. 1
J.D. v. Pawlet Sch. Dist., 224 F.3d 60, (2d Cir. 2000) ................................................................... 2
J.S. v. Attica Centr. Schs., 386 F.3d 107, (2d Cir. 2004) ........................................................... 5, 6
Johnson v. New York Hospital, 897 F. Supp. 83 .......................................................................... 8
Jose P. v. Ambach, 557 F. Supp. 1230, 1237 (E.D.N.Y. 1983) ..................................................... 7
Menes v. CUNY Univ. of New York, 92 F. Supp.2d 294 ............................................................... 8
Romano v. SLS Residential Inc., 2007 WL 3145076 ................................................................... 3
Polera v. Board of Education of the Newburgh Enlarged City School District, 288 F.3d 478 (2d Cir. 2002) ................................................................................................................................... 7
Rothschild v. Grottenthaler, 907 F.2d 286 (2d Cir. 1990) ........................................................... 4
Scaggs v. N.Y.S. Dep't of Educ., 2007 WL 1456221 (E.D.N.Y. 2007) ......................................... 8
Sch. Dist., 368 F. Supp.2d 313 ............................................................................................ 2, 4, 5
Scott v. Goord, 2004 WL 2403853 ................................................................................................ 8
Spriggs v. Brownlee, 2006 WL 1304861 (N.D.N.Y. 2006) ........................................................... 8
Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995) ..................................................................... 8

**State Cases**

Grasso v. Schenectady Cty. Pub. Lib., 30 A.D.2d 814 (3d Dep't 2006) ....................................... 9
Mills v. County of Monroe, 59 N.Y.2d 307 (N.Y. 1983) ............................................................... 9
Ruocco v. Doyle, 38 A.D.2d 132 (2d Dep't 1972) ........................................................................ 9

**Federal Statutes**

20 U.S.C. § 1415(b)(6) ................................................................................................................... 6
29 U.S.C. § 794(a) ...................................................................................................................... 2, 3
N.Y.C. Administrative Code § 7-201 ......................................................................................... 10
42 U.S.C. § 1983 ........................................................................................................................... 7

**State Statues**

Education Law § 3813 ............................................................................................................. 9, 10

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in Reply to Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pltfs. MOL"). It is limited to the arguments raised therein.

## ARGUMENT

Plaintiffs argue that the standard to be met to survive a motion to dismiss is that set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). There is considerable uncertainty surrounding the breadth of that decision. In *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007), a civil rights case, the Second Circuit interpreted *Twombly* to "appl[y] a plausibility standard which obliges a pleader to amplify a claim with some factual allegations in those contexts where amplification is needed to render the claim *plausible*." More recently, the Second Circuit emphasized that, "[w]hile Twombly does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiffs' claims across the line from conceivable to plausible." *In re Elevator Antitrust Litigation*, 2007 WL 2471805 (2007) (internal citations omitted).

Even if the *Twombly* standard is applied, Plaintiffs' claims must be dismissed. For the reasons set forth in Defendants' Memorandum of Law in Support of their Motion to Dismiss ("Defs. MOL"), and as discussed herein, Plaintiffs have failed to allege grounds that would entitle them to the relief that they request.

## POINT I

### PLAINTIFFS FAIL TO STATE A CLAIM UNDER SECTION 504 OF THE REHABILITATION ACT

Section 504 prohibits federally funded state and local agencies from discriminating against students solely on the basis of disability. *Gabel v. Bd. Of Educ. of the Hyde Park Centr. Sch. Dist.*, 368 F. Supp.2d 313,333 (S.D.N.Y. 2005); *J.D. v. Pawlet Sch. Dist.*, 224 F.3d 60, 70 (2d Cir. 2000). A Section 504 claim is conditioned upon a showing of discrimination. *Gabel*,

1

*supra.* Section 504 provides, in pertinent part, that "[n]o otherwise qualified individual with a disability . . . shall, solely *by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a) (emphasis added). Thus, denial of access to an appropriate educational program on the basis of a disability is a Section 504 issue. *Gabel,* 368 F. Supp.2d at 333-334.

To establish a *prima facie* violation of Section 504, a plaintiff must allege that: (1) he has a disability for purposes of the Act; (2) he was "otherwise qualified" for the benefit that has been denied; (3) he has been denied the benefits "solely by reason" of his disability; and (4) the benefit is part of a "program or activity receiving Federal financial assistance." *Doe v. Pfrommer,* 148 F.3d 73, 82 (2d Cir. 1998). Defendants do not contest that Plaintiffs are disabled for purposes of the Act or that the at-issue programs receive federal financial assistance. Plaintiffs cannot, however, establish any set of facts to prove that they were "otherwise qualified" for a benefit and that they were denied the benefit solely because of their disability.

The Early Intervention and Preschool Programs under which Plaintiffs' claim of discrimination derive are designed specifically for children who are disabled under the IDEA. Children who are not disabled do not qualify for services through these programs.

The basis of a Section 504 claim is the denial of an education that is guaranteed to *all* children. As the Third Circuit noted in a recent decision, *Andrew M. v. Delaware County Office of Mental Health and Mental Retardation,* 490 F.3d 337 (3d Cir. 2007), children receiving services under Part C of the IDEA; i.e., those under the age of 3, could not establish a Section

2

504 claim without proving that, but for their disability, they had been denied some service, where the only reason they were receiving services was by reason of their disability.[1]

The reasoning in the recent decision, cited by Plaintiffs, *Romano v. SLS Residential Inc.*, 2007 WL 3145076 (S.D.N.Y. 2007), is consistent with *Andrew M*. In *Romano,* Judge Robinson granted defendant psychiatric facility's motion to dismiss plaintiff patients' Section 504 claim "because they cannot allege that they were denied a service that they were otherwise qualified for." *Id*. at 4 (internal quotations omitted). Judge Robinson relied upon the Second Circuit case of *Cushing v. Moore,* 970 F.2d 1103 (2d Cir. 1992), which held that "[S]ection 504 prohibits discrimination against a handicapped individual only where the individual's handicap is unrelated to, and thus improper to consideration of, the services in question." *Id*. at 1109. He also stated:

> In *Cushing*, the Second Circuit held that methadone addicts did not state a claim under the Rehabilitation Act for denial of methadone by a methadone clinic because, "[i]t is difficult to envision a drug addict receiving methadone treatment in spite of his drug addiction, because it is his drug addiction that brings him to participate in the methadone program in the first place." Thus, the Circuit held that plaintiffs could not state a claim because, "<u>the [Rehabilitation Act] does not create a cause of action based on a handicap that is directly related to providing the very services at issue.</u>" Similarly, the "otherwise qualified" requirement of the Rehabilitation Act would limit its applicability in this situation because the psychiatric services are the very services which brought plaintiff to the SLS. Accordingly, plaintiffs cannot state a claim under the Rehabilitation Act.

*Id*. at *3 (emphasis added).[2] Similarly, Plaintiffs here cannot meet the "otherwise qualified" requirement because the services that that the County is statutorily mandated to provide are the very services which brought the Plaintiffs under the County's wing.

---

[1] Unlike *Andrew M.*, the County's provision of services under IDEA Part B in its Preschool Program should be analyzed using this same Part C standard since, unlike a school district, the County only services disabled children.
[2] It is noteworthy that plaintiffs' counsel Michael H. Sussman serves as counsel for the plaintiffs in the *Romano* case and that the decision relied upon by plaintiffs is dated October 10, 2007.

3

Plaintiffs' reliance on *Rothschild v. Grottenthaler*, 907 F.2d 286 (2d Cir. 1990), is erroneous. There, the Second Circuit ruled that a school district was required to provide a sign language interpreter to deaf parents of non-hearing impaired children at certain school activities as a reasonable accommodation. The parents were found to be otherwise qualified because, but for their disability, they would qualify as parents permitted to participate in the school activities. Here, as noted above, the Plaintiffs' non-disabled peers do not participate in the at-issue County programs.

As is more fully set forth in Defs. MOL, Plaintiffs' only allegation of disparate treatment concerns transportation for A.W. Plaintiffs gloss over the fact that the complaint pleads only this single allegation of discrimination by instead making reference to all of their claims regarding systemic violations of the IDEA, without regard to their applicability to the Section 504 claim. Even if this Court determines that Plaintiffs' Section 504 claim is broader than Defendants contend it to be, the claim must nonetheless be dismissed.

"Since Section 504 relief is conditioned on a showing of discrimination, it requires something more than proof of a mere violation of the IDEA – i.e., more than a faulty IEP." *Gabel*, 368 F. Supp.2d at 334. The courts have held that a plaintiff must demonstrate that a school district acted with "bad faith or gross misjudgment." *Id.* Here, however, the Court should never even reach an analysis of whether Defendants' acted with bad faith or gross misjudgment, as Plaintiffs cannot make an initial showing that they were otherwise qualified or that they were excluded from participation in a program due to their disability.

Further, even if Plaintiffs made this initial showing, Plaintiffs' Complaint is devoid of any allegations of "bad faith or gross misjudgment." Indeed, the first mention by Plaintiffs of "bad faith or gross judgment" is found in Pltfs. MOL. Moreover, the basis upon which Plaintiffs suggest that the Court reach this unsupported conclusion is the Defendants' alleged failure to

4

develop and implement adequate IFSPs and IEPs; the exact issues that are properly raised under the IDEA. *See Gabel, supra.*

Plaintiffs misconstrue the application of the mootness doctrine. In *B.D. v. DeBuono*, 130 F. Supp.2d 401 (S.D.N.Y. 2000), the court emphasized that plaintiffs' claims for injunctive relief were moot because, having aged out of the early intervention program prior to the time the lawsuit was commenced, "[t]his would have prevented the fashioning of any appropriate injunctive relief by this court, because there was no way to do so without interfering with the children's current education plan under IDEA." *Id.* Similarly, A.W.'s claim for injunctive relief is moot because A.W. has "aged-out" of the Pre-School program.

## POINT II

## PLAINTIFFS' CLAIMS MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTATIVE REMEDIES

The only exception to the IDEA exhaustion requirement recognized by the Second Circuit is the futility exception. No other exceptions are recognized (*see* Defs. MOL, p. 8). Plaintiffs here should be required to exhaust their administrative remedies.

When determining whether exhaustion is required, the claims of each Plaintiff must be considered separately. Upon examination of each claim (*see* Defs. MOL at pp. 10-12), it is clear that every one of the Plaintiffs could have obtained full redress through the administrative process. Further, Plaintiffs' claims are such that an administrative record would be of substantial benefit to this Court. Under these circumstances, the Plaintiffs should be required to exhaust their administrative remedies. *J.S. v. Attica Centr. Schs.*, 386 F.3d 107, 112-3 (2d Cir. 2004).

In *Coleman v. Newburgh Enlarged City School District*, 2007 WL 2768745 ($2^d$ Cir. 2007), the defendants moved to dismiss the complaint due to lack of subject matter jurisdiction because the plaintiff did not exhaust the available administrative remedies. Raising the same

5

argument he has made in this case, Michael H. Sussman, counsel for Coleman, argued that exhaustion was excused because it was futile. The Second Circuit found that the administrative processes available did not leave the plaintiff without adequate remedy and held that the complaint should have been dismissed for failure to exhaust administrative remedies. *Id.* at 7.

Plaintiffs argue that exhaustion is not required because they are challenging County policies impacting upon the provision of services. While declaratory and injunctive relief is sought on behalf of the Plaintiffs, the genesis of the complaints is with Plaintiffs' educational placements and the manner in which they are or have been provided services. Plaintiffs seek the inclusion of more services on their IFSPs and/or IEPs and/or compensatory services and/or compensation/reimbursement. Since the true complaint is with the "identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education," Plaintiffs should be required to present their complaints in an administrative hearing since those matters are clearly within the hearing officer's purview to fully redress. *J.S.*, 386 F.3d at 112; 20 U.S.C. § 1415(b)(6).

Further, despite the existence of policy, exhaustion of administrative remedies has been required in other cases. For example, in *B.D., supra,* the plaintiffs alleged they were entitled to reimbursement for amounts expended on private therapy and that exhaustion of their administrative remedies on that claim was futile because the County had a secret policy limiting the number of ABA therapy hours that could be provided. The court rejected their argument, noting that plaintiffs overlooked a critical fact. "Policy or not, [two of the plaintiffs] did pursue their administrative remedies, and won. Thus, it would not be appropriate to excuse [two other plaintiffs' parents] from exhausting their administrative remedies, despite the allegation of a policy." 130 F. Supp.2d at 427.

Contrary to Plaintiffs' argument, the reasoning of *Polera v. Board of Education of the Newburgh Enlarged City School District,* 288 F.3d 478 (2d Cir. 2002), is applicable for the reasons cited in Defs. MOL. Plaintiffs' underlying claims here are not limited to claims about the implementation of IFSPs and also include claims about the failure to include the appropriate amount of services on IFSPs and/or IEPs, failure to provide the most expeditious means of transportation, improper billing of insurance carriers for services, and compensatory services for prior failures to provide services specified on IEPs and/or failure to include sufficient amounts of services in IFSPs.

Plaintiffs also contend exhaustion is not required because they seek relief through Section 504 that is not available under the IDEA, to wit "broad injunctive relief for violations of the IDEA." (Pltfs. Br. 45-6). There is no support in law for this claim. The Second Circuit has previously found that equitable relief, declaratory relief and injunctive relief are available under the IDEA. *Polera,* 288 F.3d at 486.

Finally, Plaintiffs incorrectly claim that the exhaustion requirement does not apply to state law claims. To the contrary, as was noted in *Jose P. v. Ambach,* 557 F. Supp. 1230, 1237 (E.D.N.Y. 1983), exhaustion is required. *See also B.D., supra.*

## POINT III

### PLAINTIFFS' CLAIMS UNDER 42 U.S.C. § 1983 MUST BE DISMISSED

This issue was addressed in Defendants' MOL at pages 15-16 and in the interests of brevity will not be repeated herein. Suffice it to say that if the Court dismisses Plaintiffs' IDEA and Section 504 claims, that the § 1983 claim must likewise be dismissed.

## POINT IV

## THE SECTION 504 CLAIM AGAINST
## DEFENDANT WARREN SHOULD BE DISMISSED

Contrary to Plaintiffs' contention, individuals may not be held liable under Section 504 in their personal or official capacities. *Johnson v. New York Hospital*, 897 F. Supp. 83 (S.D.N.Y. 1995), cited by Plaintiffs in support of their theory that individual liability may be imposed, is inapposite. The *Johnson* decision was issued several months before the decision in *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995), in which the Second Circuit held that individual employees cannot be personally liable under Title VII of the Civil Rights Act. Decisions issued in the Second Circuit subsequent to *Tomka* have uniformly refused to hold individual defendants liable in their personal or official capacities, thereby implicitly overruling the holding in *Johnson*. See *Harris v. Mills*, 478 F. Supp.2d 544 (S.D.N.Y. 2007); *Scaggs v. N.Y.S. Dep't of Educ.*, 2007 WL 1456221 (E.D.N.Y. 2007); *Spriggs v. Brownlee*, 2006 WL 1304861 (N.D.N.Y. 2006); *Hartnett v. Fielding Graduate Inst.*, 400 F. Supp.2d 570 (S.D.N.Y. 2005); *Scott v. Goord*, 2004 WL 2403853 (S.D.N.Y. 2004); *Broize v. New York State*, 2001 WL 1217192 (N.D.N.Y. 2001); *Menes v. CUNY Univ. of New York*, 92 F. Supp.2d 294 (S.D.N.Y. 2000).

*Bartlett v. New York Board of Law Examiners*, 156 F.3d 321 (2d Cir. 1998), also cited by Plaintiffs, did not address the question of individual liability under Section 504.[3]

Accordingly, the Section 504 claim against Defendant Warren must be dismissed.

---

[3] The court stated: "Specifically, this appeals presents the legal issues of (1) whether the district court erred in refusing to defer to the Board's determination that Dr. Bartlett is not disabled; (2) whether the district court erred in concluding that Dr. Bartlett is disabled under the ADA and the Rehabilitation Act . . . (3) whether the district court erred in concluding that the Board is subject to the strictures of the Rehabilitation Act; and (4) whether the district court erred in awarding Dr. Bartlett compensatory damages . . ." 156 F.3d at 324.

## POINT V

## PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED DUE TO THEIR FAILURE TO FILE NOTICES OF CLAIM

County Law § 52 broadly requires that a notice of claim be filed in "any other claim for damages arising at law or in equity." It is not limited to tort actions. Indeed, § 52 has been interpreted to require notices of claim be filed before a state law employment discrimination action is commenced against a county. *Feldman v. Nassau Cty.*, 394 F. Supp.2d 528 (E.D.N.Y. 2004), *aff'd on other grounds*, 434 F.3d 177 (2d Cir. 2006); *Grasso v. Schenectady Cty. Pub. Lib.*, 30 A.D.2d 814 (3d Dep't 2006); *see also Mills v. County of Monroe*, 59 N.Y.2d 307 (N.Y. 1983).

*Ruocco v. Doyle*, 38 A.D.2d 132 (2d Dep't 1972), cited by Plaintiffs, is distinguishable from the instant matter. The plaintiff in *Ruocco* was excused from filing a notice of claim pursuant to Education Law § 3813 where the only relief sought was a declaration of plaintiff's status as a tenured non-resigned employee and the action "[did] not involve a claim for monetary damages." 38 A.D.2d at 134.

Here, the relief sought by Plaintiffs is primarily to redress their own private interests. Plaintiffs have indicated that it is their "current intention to seek to amend the complaint to seek monetary damages." (Pltfs. MOL, pp. 48-49). The relief currently sought in the Complaint is unquestionably monetary in nature. The Prayer for Relief includes demands: (1) that Plaintiffs be "compensate[d] for defendants' past conduct" (Berlin Aff., Ex. A, at Prayer for Relief para. (i)); (2) that Defendants be required to "immediately provide reimbursement" in relation to the alleged improper billing of insurance carriers (*id.*, at Prayer for Relief para. (k)); and (3) for "compensatory services" (*id.*, Prayer for Relief paras. (d), (i), (m)). Thus, the monetary relief sought here is not merely incidental.

9

*Brooklyn School for Special Children v. Crew,* 1997 LEXIS 12974 (S.D.N.Y. 1997), cited by Plaintiffs, involved the narrower Education Law § 3813 and N.Y.C. Administrative Code § 7-201 notice of claim provisions. The court did not conclusively determine whether the notice of claim requirement applied to that suit, and instead noted that the plaintiffs were in substantial compliance with the requirement since they had provided detailed information to the City in support of their claims such that the City could promptly investigate their claims.

For all these reasons, Plaintiffs' state law claims should be dismissed due to their failure to file notices of claim.

### POINT VI

### PLAINTIFFS' EDUCATION LAW AND PUBLIC HEALTH LAW CLAIMS ARE UNTIMELY

Even if Plaintiffs' state law claims are not dismissed for failure to file a timely notice of claim, all allegations concerning events prior to 1 year and 90 days before the Complaint was filed on June 15, 2007, i.e., prior to March 16, 2006, should be dismissed. Specifically, those allegations involving S.W. as set forth in paragraphs 37-42 (except those alleged to have occurred between March 16, 2006 and August 2006), B.F. (paras. 55-57), and any other allegations involving pre-March 16, 2006 acts or policies, but not specifically delineated as such in the Complaint, should be dismissed.

### POINT VII

### THE ORANGE COUNTY DEPARTMENT OF HEALTH IS NOT A PROPER PARTY

While Plaintiffs rely on *B.D., supra,* in support of their contention that the County Department of Health is a proper defendant, there is no indication in that decision that the court addressed the propriety of the Westchester County Department of Health having been named as a defendant. Plaintiffs also incorrectly rely upon *D.D. v. N.Y.C. Department of Education,* 465

10

F.3d 503 (2d Cir. 2006), a case in which the County Department of Health was *not even* named as a defendant. Accordingly, the Department of Health should be dismissed as a defendant.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in Defs. MOL, Defendants' motion to dismiss should be granted.

Dated: Melville, NY
November 6, 2007

Respectfully submitted,

LAMB & BARNOSKY, LLP
*Attorneys for Defendants*
COUNTY OF ORANGE
ORANGE COUNTY DEPARTMENT
OF HEALTH and SHEILA WARREN

By: _____
Sharon N. Berlin
534 Broadhollow Road, Ste. 210
P.O. Box 9034
Melville, New York 11747-9034
631-694-2300

Of Counsel:

Michelle S. Feldman

11