UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
S.W., by her parent and natural guardian, J.W.,
individually and on behalf of all others similarly
situated; B.F., by his parent and natural guardian, P.F.,
individually and on behalf of all others similarly
situated; J.F. and P.F., by their parent and natural guardian,
A.F., individually and on behalf of all others similarly
situated; L.T., by her parent and natural guardian, R.T.,
individually and on behalf of all others similarly situated,

                    Plaintiffs,

      - against -

COUNTY OF ORANGE,

                    Defendant.
------------------------------------------------------------------X

**ANSWER**

Civ. Action No.
07 CIV 5708 (WCC)

      Defendant, COUNTY OF ORANGE, by its attorneys, LAMB & BARNOSKY, LLP, as and for its Answer to the Complaint alleges as follows:

      1.      The allegations as set forth in paragraph 1 of the Complaint contain no factual allegation to which an answer is required.

      2.      DENIES having knowledge or information sufficient to form the basis for a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and respectfully refers all legal conclusions as set forth in paragraph 2 of the Complaint to the Court, and ADMITS that the representative children are and/or had been eligible for the Early Intervention Program and/or were and/or are classified as a preschooler with a disability.

      3.      DENIES the truth of the allegations as set forth in paragraph 3 of the Complaint.

      4.      DENIES the truth of the allegations as set forth in paragraph 4 of the Complaint.

      5.      DENIES the truth of the allegations as set forth in paragraph 5 of the Complaint.

      6.      DENIES having knowledge or information sufficient to form the basis for belief as

to the truth of the allegations as set forth in paragraph 6 of the Complaint.

7. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 12 of the Complaint, leaving all questions of law to the Court, except ADMITS that Orange County is a municipal corporation.

13. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 13 of the Complaint, leaving all questions of law to the Court.

14. DENIES the truth of the allegations as set forth in paragraph 14 of the Complaint, except ADMITS that Sheila Warren is employed by the County of Orange as the Director of Intervention Services.

15. DENIES the truth of the allegations as set forth in paragraph 15 of the Complaint, and neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 15 of the Complaint, leaving all questions of law to the Court.

16. DENIES the truth of the allegations as set forth in paragraph 16 of the Complaint, and neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 16 of the

Complaint, leaving all questions of law to the Court.

17. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 17 of the Complaint, leaving all questions of law to the Court.

18. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 18 of the Complaint, leaving all questions of law to the Court.

19. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 19 of the Complaint, leaving all questions of law to the Court.

20. The allegations as set forth in paragraph 20 of the Complaint contain no factual allegation to which an answer is required.

21. DENIES the allegations as set forth in the second sentence of paragraph 21 of the Complaint, and neither ADMITS nor DENIES the legal conclusions as set forth in the first sentence of the paragraph, leaving all questions of law to the Court.

22. DENIES the truth of the allegations as set forth in paragraph 22 of the Complaint.

23. DENIES the truth of the allegations as set forth in paragraph 23 of the Complaint.

24. DENIES the truth of the allegations as set forth in paragraph 24 of the Complaint.

25. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 25 of the Complaint, leaving all questions of law to the Court.

26. DENIES the truth of the allegations as set forth in paragraph 26 of the Complaint.

27. DENIES the truth of the allegations as set forth in paragraph 27 of the Complaint, except ADMITS that each named plaintiff has been determined to have a disability and to be eligible for either early intervention and/or preschool special education services.

28. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 28 of the Complaint, leaving all questions of law to the Court.

29. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 29 of

3

the Complaint, leaving all questions of law to the Court.

30. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations as set forth in paragraph 30 of the Complaint.

31. DENIES the truth of the allegations as set forth in paragraph 31 of the Complaint.

32. DENIES the truth of the allegations as set forth in paragraph 32 of the Complaint.

33. DENIES the truth of the allegations as set forth in paragraph 33 of the Complaint.

34. DENIES the truth of the allegations as set forth in paragraph 34 of the Complaint.

35. DENIES the truth of the allegations as set forth in paragraph 35 of the Complaint, except ADMITS the named plaintiffs may age out of the Early Intervention/Preschool population before this litigation is completed.

36. DENIES the truth of the allegations as set forth in paragraph 36 of the Complaint.

37. ADMITS the truth of the allegations as set forth in paragraph 37 of the Complaint.

38. DENIES the truth of the allegations as set forth in paragraph 38 of the Complaint.

39. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. DENIES the truth of the allegations as set forth in paragraph 40 of the Complaint, except DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations as set forth in the first two sentences of paragraph 40.

41. DENIES the truth of the allegations as set forth in paragraph 41 of the Complaint.

42. DENIES the truth of the allegations as set forth in paragraph 42 of the Complaint, except ADMITS that S.W. did not receive speech services between February 22, 2006 and August 31, 2006.

43. DENIES the truth of the allegations as set forth in paragraph 43 of the Complaint.

44. DENIES the truth of the allegations as set forth in paragraph 44 of the Complaint.

45. No response to the allegations as set forth in paragraph 45 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

46. No response to the allegations as set forth in paragraph 46 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

47. No response to the allegations as set forth in paragraph 47 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

48. No response to the allegations as set forth in paragraph 48 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

49. No response to the allegations as set forth in paragraph 49 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

50. No response to the allegations as set forth in paragraph 50 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

51. No response to the allegations as set forth in paragraph 51 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

52. No response to the allegations as set forth in paragraph 52 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

53. No response to the allegations as set forth in paragraph 53 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

54. No response to the allegations as set forth in paragraph 54 of the Complaint is required and the Court is respectfully referred to its Decision and Order dated November 16, 2007 wherein these allegations were dismissed.

55. DENIES the truth of the allegations as set forth in paragraph 55 of the Complaint, except ADMITS B.F.'s IFSP provided for, among other services, occupational therapy and speech therapy effective March 22, 2004.

56. DENIES the truth of the allegations as set forth in paragraph 56 of the Complaint.

57. DENIES the truth of the allegations as set forth in paragraph 57 of the Complaint.

58. DENIES the truth of the allegations as set forth in paragraph 58 of the Complaint, except ADMITS that Susan Lee asked B.F.'s mother for insurance information.

59. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. DENIES the truth of the allegations as set forth in paragraph 61 of the Complaint, except ADMITS that during a June 4, 2007 CPSE meeting an extended school year program was recommended for B.F.

62. DENIES the truth of the allegations as set forth in paragraph 61 of the Complaint, except ADMITS that during a June 4, 2007 CPSE meeting an extended school year program was recommended for B.F.

63. DENIES the truth of the allegations as set forth in paragraph 63 of the Complaint,

and respectfully refers the Court to B.F.'s June 4, 2007 Preschool Individualized Education Program for the true and complete terms thereof.

64. DENIES the truth of the allegations as set forth in paragraph 64 of the Complaint, and respectfully refers the Court to B.F.'s June 4, 2007 Preschool Individualized Education Program for the true and complete terms thereof.

65. DENIES the truth of the allegations as set forth in paragraph 65 of the Complaint.

66. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. DENIES the truth of the allegations as set forth in paragraph 67 of the Complaint.

68. DENIES the truth of the allegations as set forth in paragraph 68 of the Complaint.

69. DENIES the truth of the allegations as set forth in paragraph 69 of the Complaint.

70. DENIES the truth of the allegations as set forth in paragraph 70 of the Complaint.

71. DENIES the truth of the allegations as set forth in paragraph 71 of the Complaint.

72. DENIES the truth of the allegations as set forth in paragraph 72 of the Complaint.

73. DENIES the truth of the allegations as set forth in paragraph 73 of the Complaint.

74. ADMITS the truth of the allegations as set forth in paragraph 74 of the Complaint.

75. DENIES the truth of the allegations as set forth in paragraph 75 of the Complaint, except ADMITS L.T.'s IFSP provided for speech services two times per week for 45 minutes each session, commencing September 5, 2006.

76. DENIES the truth of the allegations as set forth in paragraph 76 of the Complaint.

77. DENIES the truth of the allegations as set forth in paragraph 77 of the Complaint.

78. DENIES the truth of the allegations as set forth in paragraph 78 of the Complaint.

79. DENIES the truth of the allegations as set forth in paragraph 79 of the Complaint, except ADMITS L.T. began receiving speech therapy in September 2006 through the County's

Early Intervention Program.

80. DENIES the truth of the allegations as set forth in paragraph 80 of the Complaint, except ADMITS an occupational therapy evaluation was recommended and then performed in October 2006.

81. DENIES the truth of the allegations as set forth in paragraph 81 of the Complaint, except ADMITS an IFSP was prepared for occupational therapy services two times per week for 45 minutes per session, effective November 3, 2006.

82. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83. DENIES the truth of the allegations as set forth in paragraph 83 of the Complaint, except ADMITS one session per week of a parent/child group and one session per week with a social worker were added to L.T.'s IFSP effective December 7, 2006.

84. DENIES the truth of the allegations as set forth in paragraph 84 of the Complaint.

85. DENIES the truth of the allegations as set forth in paragraph 85 of the Complaint.

86. DENIES the truth of the allegations as set forth in paragraph 86 of the Complaint.

87. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 89 of the Complaint, and respectfully refers the Court to the Psychiatric Evaluation by Erica Loutsch, M.D., D.O.E. January 18, 2007, for the true and complete terms thereof.

90. DENIES the truth of the allegations as set forth in paragraph 90 of the Complaint.

91. DENIES the truth of the allegations as set forth in paragraph 91 of the Complaint.

92. DENIES the truth of the allegations as set forth in paragraph 92 of the Complaint, except ADMITS L.T.'s IFSP provided for speech services three sessions per week effective January 31, 2007.

93. DENIES the truth of the allegations as set forth in paragraph 93 of the Complaint, except ADMITS L.T.'s IFSP provided for 10 hours per week of ABA services effective February 16, 2007.

94. DENIES the truth of the allegations as set forth in paragraph 94 of the Complaint.

95. DENIES the truth of the allegations as set forth in paragraph 95 of the Complaint.

96. DENIES the truth of the allegations as set forth in paragraph 96 of the Complaint.

97. DENIES the truth of the allegations as set forth in paragraph 97 of the Complaint.

98. DENIES the truth of the allegations as set forth in paragraph 98 of the Complaint.

99. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 99 of the Complaint, leaving all questions of law to the Court.

100. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 100 of the Complaint, leaving all questions of law to the Court.

101. DENIES the truth of the allegations as set forth in paragraph 101 of the Complaint.

102. DENIES the truth of the allegations as set forth in paragraph 102 of the Complaint.

103. DENIES the truth of the allegations as set forth in paragraph 103 of the Complaint.

104. DENIES the truth of the allegations as set forth in paragraph 104 of the Complaint.

105. DENIES the truth of the allegations as set forth in paragraph 105 of the Complaint.

106. DENIES the truth of the allegations as set forth in paragraph 106 of the Complaint.

107. DENIES the truth of the allegations as set forth in paragraph 107 of the Complaint.

108. DENIES the truth of the allegations as set forth in paragraph 108 of the Complaint.

109. DENIES the truth of the allegations as set forth in paragraph 109 of the Complaint.

110. DENIES the truth of the allegations as set forth in paragraph 110 of the Complaint.

111. DENIES the truth of the allegations as set forth in paragraph 111 of the Complaint.

112. DENIES the truth of the allegations as set forth in paragraph 112 of the Complaint.

113. DENIES the truth of the allegations as set forth in paragraph 113 of the Complaint.

114. DENIES having knowledge or information sufficient to form the basis for belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 115 of the Complaint, leaving all questions of law to the Court.

116. DENIES the factual allegations as set forth in paragraph 116 of the Complaint and neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 116 of the Complaint, leaving all questions of law to the Court.

117. DENIES the factual allegations as set forth in paragraph 117 of the Complaint and neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 117 of the Complaint, leaving all questions of law to the Court.

118. DENIES the truth of the allegations as set forth in paragraph 118 of the Complaint.

119. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 119 of the Complaint, leaving all questions of law to the Court.

120. REPEATS AND REALLEGES its answers to paragraphs 1 through 120 of the Complaint as though fully set forth herein in response to the allegations as set forth in paragraph 120 of the Complaint.

121. DENIES the factual allegations as set forth in paragraph 121 of the Complaint and neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 121 of the Complaint, leaving all questions of law to the Court.

122. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 122 of the Complaint, leaving all questions of law to the Court.

123. DENIES the factual allegations as set forth in paragraph 123 of the Complaint and neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 123 of the Complaint, leaving all questions of law to the Court.

124. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 124 of the Complaint, leaving all questions of law to the Court.

125. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 125 of the Complaint, leaving all questions of law to the Court.

126. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 126 of the Complaint, leaving all questions of law to the Court.

127. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 127 of the Complaint, leaving all questions of law to the Court.

128. Neither ADMITS nor DENIES the legal conclusions as set forth in paragraph 128 of the Complaint, leaving all questions of law to the Court.

129. DENIES that Plaintiffs are entitled to any of the relief as set forth in the "WHEREFORE" clause of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

130. The Complaint fails to state claims against the Defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

131. The Claims or some of the claims set forth in the Complaint are untimely and to the extent that any such claim is untimely, it is barred by the applicable Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

132. The Complaint is barred due to each plaintiff's failure to exhaust administrative remedies.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

133. If Plaintiffs suffered any damages or injuries as set forth in the Complaint, Plaintiffs' recovery against Defendant is barred by reason of Plaintiffs' failure to mitigate their damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

134. To the extent that some or all of the Plaintiffs are no longer eligible for Early Intervention and/or Pre-school services, some or all of the Plaintiffs' claims are moot.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

135. The state law causes of action set forth in the Complaint are barred by reason of Plaintiffs' failure to file a notice of claim.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

136. Plaintiffs' claims should be dismissed for failure to join necessary parties.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

137. Plaintiffs' claims are barred in whole or in part due to the equitable doctrine of laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

138. Declaratory and/or injunctive relief should not be issued to remedy prior harm.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

139. Some of the relief and/or services sought by Plaintiffs would constitute an undue burden under Section 504 of the Rehabilitation Act.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

140.  Injunctive relief should not be issued where, as here, there is an adequate remedy at law.

WHEREFORE, Defendant, COUNTY OF ORANGE, respectfully demands judgment dismissing the Complaint in its entirety together with the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: Melville, NY
       January 14, 2008

Yours, etc.

LAMB & BARNOSKY, LLP

By: _____
Sharon N. Berlin
Attorneys for Defendant
COUNTY OF ORANGE
534 Broadhollow Road, Ste. 210
P.O. Box 9034
Melville, New York 11747-9034
(631) 694-2300

13